# PATRICK CAHILL

*vs.*

# ROBERT L. HARRIS.

1. Trespass upon land is the unauthorized entry of one person upon the land of another, and whether the trespasser supposed it to be his own or a third person's land makes no difference.
2. The English statutes of 43 Elizabeth and 22 and 23 Charles II, and 8 and 9 William III, regulating costs in actions of trespass, are not in force in this District. The plaintiff is entitled to full costs whether the trespass was willful or not, or whether the damages are nominal or not.

Law No. 2,742,   Decided May 27, 1867.

ACTION of trespass q. c. f. The verdict was for the defendant under the instructions of the Court. Motion by plaintiff for a new trial on a bill of exceptions.

THE FACTS are stated in the opinion.

MESSRS. MERRICK and LOVEJOY for plaintiff.

MR. W. Y. FENDALL for defendant.

MR. JUSTICE FISHER delivered the opinion of the Court:

This case comes up on a bill of exceptions taken by the plaintiff on the trial of an action of trespass *quare clausum fregit*, the plea being not guilty and issue joined.

At the trial the plaintiff's title to the *locus in quo* was admitted and it appeared from the testimony that the defendant had occupied the adjoining lot and premises, and used as a wood house a shed which had been built partly upon the plaintiff's land by the defendant's predecessor and fastened to the plaintiff's house, but that the defendant was ignorant of the fact that the shed was in part upon the plaintiff's land, and that he never had any notice of it until the bringing of the suit. Upon this state of facts the judge

below directed a verdict for the defendant to which the plaintiff excepted.

That this was erroneous is obvious from the mere statement of the case and nature of the action of trespass.

A trespass is simply an unauthorized entry by one person upon the land of another, and it can make no manner of difference whether the person making the unauthorized entry knew it was the land of the plaintiff or supposed it to be the land of a third person or supposed that it was his own land. The question is not what he knew or supposed in reference to the ownership of the land; but was it in fact the land of another, and not his own and did he go upon it without authority or license from the lawful proprietor? If he did he committed a trespass, although it might be but a technical trespass entitling the owner to merely nominal damages.

The remedy for this unauthorized entry upon the land of another is the action of trespass *quare clausum fregit.*

If instead of pleading the general issue the defendant had pleaded specially that he did enter the plaintiffs close without license, but that when he did so he supposed he was upon his own premises having no knowledge of the fact that the shed had been erected in part upon the plaintiff's land this plea would have been held bad on demurrer simply because the want of knowledge or notice is no defense to the action. The law makes it the duty of every man to know where he is going and holds him responsible for even ignorantly going without license upon the premises of another. The very gist or substance of the action is that the defendant enters the plaintiff's close without license and not that he knowingly or with notice made such entry. In 2 Greenleaf on evidence (2d edition), S. 622, it is expressly stated that "it will not be necessary for the plaintiff to prove that the act was done with any wrongful intent, it being sufficient if it was done without a justifiable cause or purpose, though it were done accidentally or by

mistake. So, also, in 1 Chitty on Pleading, 192 (7th ed.).
So, in the cases of Covall *vs.* Lorring, 1 Campbell, 497, in
Colwill *vs.* Reeves, 2 *Ib.*, 575, in Basely *vs.* Clarkson, 3 Living, 37, in Higgerson *vs.* York, 5 Mass., 341, and in Heydon
*vs.* Shed, 11 Mass., 500 ; and in the case of Geville *vs.* Swan,
19 Johns., 38, where the owner of a balloon accidentally
descended into the plaintiff's garden he was held liable in
trespass.

In order to prevent vexatious and trifling suits in trespass the Parliament of Great Britain enacted 43 Elizabeth
and 22 and 23 Charles II, which provided that in cases of
trespass where the jury should assess the damages to be less
than forty shillings, the plaintiff's costs allowed by the
Court should not exceed the damages assessed unless the
judge presiding at the trial should certify that the freehold
or title to the land was chiefly in question. Afterwards by
8 and 9 William III it was provided that in all cases of
trespass in which it should appear that the trespass was
wilful and malicious and the judge should so certify, the
plaintiff was allowed his full costs notwithstanding the
trifling character of the suit or the amount of damage assessed. In the construction of this last act every trespass
was taken to be wilful where the defendant had notice.
And it is only in the construction of this latter statute
that notice appears to be in any wise involved as a matter
to be proved. But as neither this nor the preceding statutes were ever of any force or applicability in this District,
or in the State of Maryland, of which it was once a part, it
is rather difficult to conceive the necessity of proving notice
in order to maintain a suit for trespass, especially where the
title is chiefly in question and merely nominal damages
ought to be recovered.

The judgment below is reversed with costs.