**Wytheville.**

KELLY v. LEHIGH MINING AND MANUFACTURING CO.

JUNE 28, 1900.

Absent, Riely, J.*

1. CHANCERY PRACTICE—*Delivery of Title Papers—Adequate Remedy at Law.*—A court of equity has jurisdiction to decree the specific delivery of title papers to heirs at law, devisees and other persons properly entitled to the custody and possession of the same, when they are wrongfully detained, or withheld from them. This is an old and well-settled subject of equity jurisdiction, and is not affected by the fact that a statute gives the complainants a complete and adequate remedy by an action of *detinue*. In the absence of prohibitory or restrictive words in the statute, courts of equity still retain their jurisdiction in such cases.

2. MUNIMENTS OF TITLE—*Delivery—Common-Law Rule—Rule in Virginia.* Although, at common law, a grantee of land was entitled to demand and have of his grantor all title deeds and muniments of title, and the same passed with the conveyance of the land without being mentioned in the deed, this common-law rule is not in force in this State, where the public records furnish evidence of title, and where copies therefrom, equally with the originals, are admissible in evidence, and hence the grantee is not entitled, as a matter of law, to demand of his grantor the original muniments of title. In this State the deposit of title deeds creates no lien as against a subsequent *bona fide* purchaser or encumbrancer.

3. CONTINUANCE—*Discretion.*—A motion for a continuance is addressed to the sound judicial discretion of the trial court under all the circumstances of the particular case, and its action will not be reversed unless plainly erroneous.

*Judge Riely was prevented by sickness from attending this term.

Appeal from a decree of the Circuit Court of Wise county, pronounced December 16, 1898, in a suit in chancery, wherein the appellee was the complainant, and the appellant was the defendant.

*Reversed.*

The opinion states the case.

*W. S. Mathews* and *O. M. Vickars*, for the appellant.

*R. A. Ayres* and *Bullitt & Kelly*, for the appellee.

BUCHANAN, J., delivered the opinion of the court.

A court of equity has jurisdiction to decree the specific delivery of title papers to heirs at law, devisees and other persons properly entitled to the custody and possession of the title deeds of their respective estates where they are wrongfully detained or withheld from them. This is an old and well settled head of equity jurisdiction. 1 Story's Eq. Jur., sec. 703; 1 Pom. Eq. Jur., sec. 185; *Snoddy* v. *Finch*, 9 Rich. Eq. 355, (70 Amer. Dec. 216.)

Chapter 138 of the Code, which makes more effective the common-law remedy of *detinue*, does not affect that jurisdiction, for where courts of equity have once acquired jurisdiction, a subsequent statute which gives to or enlarges the jurisdiction of the common-law courts over the same subject, does not deprive the equity courts of their jurisdiction, although the statute may furnish a complete and adequate remedy at law, unless the statute conferring such jurisdiction uses prohibitory or restrictive words. *Filler* v. *Tyler*, 91 Va. 458.

The appellee, the complainant in the court below, based its right to recover the title bonds, agreements, deeds and tax receipts pertaining to the lands conveyed to it by the appellant upon two grounds. First, that it is an established principle of law that whoever is entitled to the land has the right to all

the title papers affecting it; and, secondly, that the appellant expressly agreed, in entering into the contract for the sale of the land, that he would turn over to the appellee all the title papers which he had under and by virtue of which he claimed title to the land.

It was conceded that it is an established principle of the common law in England that the party entitled to land had also a right to all title deeds affecting it, and that they passed with the land by the conveyance without being named in it. *Harrington* v. *Price*, 5 Barn. & Adolp. 170 (25 C. L. R. 47-48); 2 Sugden on Vendors, Ch. 11, sec. 4; Williams on Real Prop. 434. But it is denied that any such rule exists in this country.

In England there was no general system of registering conveyances of real estate. Possession of the title deeds was an evidence of ownership, and they, or abstracts of them, were shown to the intended purchaser for his examination in negotiations for a sale. When the sale was made, they were delivered to the grantee almost as a matter of course in all conveyances of the fee. No transfer of land could be safely made without them, and no one was supposed to have a right to their possession unless he had some claim upon or interest in the land. Whenever a supposed owner offered his estate for sale or mortgage, it was necessary for him to produce his title papers, and their absence from his possession, when demanded, cast a suspicion upon his title, and put the other party upon enquiry. 3 Pom. Eq. Jur., note 1 to sec. 1264; 2 Minor's Inst. 354-4 (4th ed.) But in this State there is a general system of registering title papers to land, and persons desiring to purchase or secure loans by deeds of trust or mortgages look to the records to ascertain the condition of the supposed owner's title, and seldom, if at all, look to the original title papers, or make inquiry as to the owner's possession of them.

In this State, the records furnish evidence of his title, as a

general rule, and copies therefrom, equally with the originals, are admissible in evidence. Code, sec. 3334.

Under our registry laws and statute of conveyances, the deposit of title deeds creates no lien as against a subsequent *bona fide* purchaser or encumbrancer, as it did in England. *Siter, Price & Co.* v. *McClanahan*, 2 Gratt. 314; 2 Minor's Inst. 353-4 (4th ed.)

The reasons for the common-law rule no longer exist here. In this State, and generally in the United States, it is believed, it is the general practice for the grantor to retain his own title papers instead of delivering them to his grantee. 1 Cruise Digest, Professor Greenleaf's note to sec. 39, Ch. 1, title 2; 1 Greenleaf's Ev., sec. 571, note 3; 3 Washburn on Real Prop., sec. 65 (p. 375); *Eaton* v. *Campbell*, 7 Pick. 10, 12; *White* v. *Hutchinson*, 40 Ala. 258, 88 Am. Dec. 766.

We are of opinion, therefore, that the common-law rule in question is not in force in this State, and that the grantee is not as a matter of law entitled to demand of his grantor the original muniments of title as he was in England. Where the reason for a rule of law has ceased, the law itself ought to and does cease. Broom's Legal Maxims (7th ed.), 159.

Upon the calling of the cause at the December term of the court (the first term after the case had been matured at rules), the appellant appeared and filed his answer, in which he denied the existence of the agreement set up in the bill. His answer was excepted to upon the ground that it stated no defence to the case made by the bill. At the same time, the appellant moved the court to continue the case, upon the ground that the appellee had not closed its depositions until Monday the 28th day of November, 1898, and that he was not notified of that fact until the 29th of that month; that at that time he was engaged as chairman of the Board of Supervisors of Wise county in the business of said board, and was so engaged until Friday the 2d of December following, and that he did not have time to prepare

his defence by taking his depositions which he was advised were material to his defence. The court overruled his motion to continue, and sustained the exception to his answer, and the appellant, not desiring to file any other or further answer, the court was of opinion that the appellee was entitled to the relief sought by the bill, and so decreed. The action of the court in overruling the motion to continue the cause and in sustaining the exception to the answer, is also assigned as error.

From what has been said in discussing the demurrer to the bill, it is clear that the court erred in sustaining the exception to the answer. It put in issue the agreement set up in the bill, and the exception to it ought to, and doubtless would have been, overruled, if the court had not been of the opinion that the appellee was entitled to the possession of the papers sued for as a matter of law in accordance with the English rule. In no other way can the court's action in sustaining the exception be understood. Having this view, the court, of course, overruled the motion to continue, for there was no issue of fact upon which to take proof, and a continuance of the case could have been of no benefit to the appellant.

The appellee insists that, as the action of the court in refusing to continue the case was not plainly erroneous, and the decree complained of granted only such relief to the appellee as he was entitled to upon the record as it then stood, treating the exception to the answer as overruled and the answer properly in the case, the decree complained of ought not to be reversed.

It is well settled that every motion for a continuance is addressed to the sound judicial discretion of the court under all the circumstances of the case, and that an appellate court will not reverse it upon the ground that a continuance was improperly granted or denied, unless its action is plainly erroneous. *Hite's Case*, 96 Va. 489, 493, and authorities cited. If the Circuit Court had held that the answer was sufficient, and then overruled the motion to continue, it would have exercised

that judicial discretion contemplated in such cases, and we are not prepared to say that its action ought to be reversed, although, under the circumstances of the case, the better practice would have been to have continued the case, in order that the appellant might have taken proof to meet the appellee's depositions, taken and closed so recently before the term of court as not to give the appellant time to take his proof before the term commenced.

Without, therefore, intending to infringe in any manner upon the rule which governs this court in considering the action of a trial court upon a motion to continue, where it was necessary in the view the court took of the case to consider and decide the sufficiency of the grounds upon which the motion was based, we are of opinion that the decree appealed from should be reversed in so far as it sustained the exception to the appellant's answer, and the cause be remanded to the Circuit. Court for further proceedings to be had therein not in conflict with the views expressed in this opinion.

*Reversed.*