# Richmond.

HERRING v. WILTON.

November 22, 1906.

Absent, Buchanan, J.

1. NUISANCE—*Barking of Dogs—Injunction—Relief at Law.*—Dogs in a
neighbor's yard· may effectually murder sleep and disturb the
reasonable enjoyment of a home, and where great and continu-
ous annoyance and discomfort are created by the howling and
barking of dogs and the whining of puppies, and the rest of a
neighbor and his family is disturbed and sleep is interrupted,
and he is disturbed in the reasonable use and enjoyment of his
property, a court of equity will interpose by injunction to enjoin
and restrain the nuisance; and it is immaterial that a town ordi-
nance affords the plaintiff an easy· and expeditious remedy.
Courts of equity do not lose a jurisdiction, once acquired, merely
because courts of law have been subsequently authorized to ad-
minister the same or similar relief.

Appeal from a decree in chancery of the Circuit Court of
Rockingham county. Decree for complainant. Defendant ap-
peals.

*Affirmed.*

The opinion states the case.

*J. B. Stephenson* and *H. W. Bertram,* for the appellant.

*Sipe & Harris,* for the appellee.

KEITH, P., delivered the opinion of the Court.

Wilton, the appellee in this court, filed a bill in the Circuit
Court of Rockingham county, in which he states that he is a

resident of the town of Harrisonburg, and that contiguous to
him is the property occupied by George Herring; that for three
years past Herring has maintained on the lot on which he re-
sides a kennel, about one hundred or one hundred and twenty-
five feet distant from Wilton's residence, in which he is breed-
ing dogs for sale, having at times as many as seven or eight,
and rarely so few as two or three; that the dogs keep up an in-
cessant barking, especially during the night, by which the com-
plainant and his family are so annoyed and disturbed as to be
prevented from obtaining such sleep and rest as health requires;
that by reason of the repetition of this nuisance he has become
extremely nervous, at times about unfit to attend to business;
that the health of his family is being seriously and permanently
impaired, and they are being deprived of the use and enjoyment
of their home; that he has complained to Herring, but is unable
to obtain from him any permanent relief; and that complain-
ant, impelled by the desire to avoid litigation between himself
and a neighbor, has borne with the situation until he can no
longer endure it without serious and permanent injury to the
health of himself and his family. He further avers that Her-
ring is without visible means to respond in damages to an action
at law, and charges that any judgment against him commensu-
rate with the damage sustained will be wholly unavailing. He
prays that Herring, his agents, etc., may be enjoined from keep-
ing upon his premises dogs causing the injurious noises and dis-
turbances complained of; that the nuisance of the kennel may be
discontinued and abated, and for general relief.

A temporary injunction was granted in accordance with the
prayer of the bill, and at a subsequent day the defendant an-
swered the bill, admitting that for a number of years he has been
keeping a few dogs for his own pleasure and for the profits de-
rived from their sale, but denying that they have been creating
a nuisance to the plaintiff and his family, or that the dogs kept
by him could have been a nuisance to anyone in a normal con-
dition of health and nerves. He denies that he has kept the

number of dogs with which he is charged in the bill, and states in detail the number kept by him at various times.  He denies that he is unable to respond in damages for any nuisance he may have occasioned; and finally claims that the plaintiff's annoyance is due to his nervous temperament, and asserts that neither the plaintiff nor any member of his family has ever been made ill or prevented from attending to business.

Upon these issues evidence was taken, and the case coming on to be heard, the Circuit Court perpetuated the temporary injunction, and Herring obtained an appeal from one of the judges of this court.

We think the weight of evidence establishes that plaintiff and his family were subjected to great and continuous annoyance and discomfort by the howling and barking of the dogs and the whining of puppies upon the premises of appellant; that their rest has been broken, their sleep interrupted, and that they have been seriously disturbed in the reasonable use and enjoyment of their home.

In *Dittman & Berger* v. *Repp,* 50 Md. 516, 33 Am. Rep. 325, Judge Alvey, delivering the opinion of the court, says: "In all such cases the question is whether the nuisance complained of will or does produce such a condition of things as, in the judgment of reasonable men, is naturally productive of actual physical discomfort to persons of ordinary sensibilities and of ordinary tastes and habits, and as, in view of the circumstances of the case, is reasonable and in derogation of the rights of the complainant."

In Spelling on Injunctions, section 431, it is said that "Noises which tend to disturb rest and quiet in the neighborhood may be restrained. . . . To warrant an injunction against a noise as a nuisance it must be shown that the noise is such as to produce actual physical discomfort to a person of ordinary sensibilities, and is unreasonably and unnecessarily made."

In *Brill* v. *Flagler,* 23 Wend. (N. Y.) at page 357, a case in which Flagler sued Brill for killing his dog, and the defendant

pleaded that the dog was accustomed to come upon the premises of the defendant in the nighttime as well as in the daytime, and by his barking and howling annoy and disturb the defendant and his family, speaking of this plea the court said: "I am of opinion that the facts which the plea sets up constitute a bar to the action. The demurrer admits that the dog was in the constant habit of coming on the premises and about the dwelling of the defendant, day and night, barking and howling, to the great annoyance and disturbance of the peace and quiet of the family; that the plaintiff was fully advised of this mischievous propensity of the animal, and wilfully neglected to confine him, and that defendant, unable to remove the nuisance in any other way killed him. No other authority than the experience and observation of every man is necessary to enable him to determine that the matters set forth in this plea constitute a private nuisance to the inmates of a family, and upon general principles justify all reasonable means to remove it. It would be mockery to refer a party to his remedy by action. It is far too dilatory and impotent for the exigency of the case. Whatsoever unlawfully annoys, or does damage to another, is a nuisance, and may be abated by the party aggrieved, so as he commits no riot in the doing of it."

That case, it is true, was an action at law, but it states clearly and forcibly the annoyance and inconvenience arising from the barking and howling of dogs, that they constitute a nuisance, and in that case excused what would otherwise have been a trespass. It declares that the remedy by action at law would be a mockery and far too dilatory and impotent for the exigency of the case, thus presenting a case for the interposition of a court of equity. It is true, also, that in that case the dog came upon the premises of the man who shot him; it was, therefore, somewhat in the nature of a trespass, while a nuisance generally results from the commission of an act beyond the limits of the property affected. High on Injunctions (2d Ed.), section 739. Especially is this true of noises, and many other illustrations

might be added.    Dogs in a neighbor's yard may effectually murder sleep and destroy the reasonable enjoyment of a home.

It is urged on the part of plaintiff in error that an ordinance of the town of Harrisonburg afforded an easy and expeditious remedy for whatever inconvenience appellee may have suffered.

In *Kelly* v. *Lehigh M. & M. Co.,* 98 Va. 405, 36 S. E. 511, 81 Am. St. Rep. 736, this court said:  "Where courts of equity have once acquired jurisdiction, a subsequent statute which gives to or enlarges the jurisdiction of the common law courts over the same subject does not deprive the equity courts of their jurisdiction, although the statute may furnish a complete and adequate remedy at law, unless the statute conferring such jurisdiction uses prohibitory or restrictive words."    And this was reiterated in *Steinman* v. *Vicars,* 99 Va. 595, 39 S. E. 227, where it was said:  "Where courts of equity have once acquired jurisdiction they do not lose such jurisdiction merely because courts of law have been subsequently authorized to administer the same or similar relief."  Spelling on Injunctions, sections 398, 399.

We are of opinion that a court of equity has jurisdiction in such matters, and that in this case it has been properly exercised.

The decree of the Circuit Court is affirmed.

*Affirmed.*