STATE OF IOWA, Appellee, v. CHICAGO GREAT WESTERN RAILROAD COMPANY, Appellant.

**Criminal law:** NUISANCE: DISTURBING NOISES. At common law noises
1 of such nature as to seriously and unreasonably interfere with the peace, comfort and quiet of nearby residents may constitute a public nuisance, even though not dangerous or injurious to the public health; and this rule has not been changed by statute. So that one maintaining an enclosure in which cattle, hogs and calves were kept, the bleating of which in the nighttime was annoying and disturbing to the peace and comfort of residents in that vicinity, may be guilty of maintaining a criminal nuisance, irrespective of offensive odors arising therefrom injurious to the public health.

**Same:** INDICTABLE NUISANCE. An indictment will not lie against a
2 private nuisance, but if it is of a public nature it is indictable; and it is public when it affects the rights of citizens as a part of the general public, as distinguished from some individual right.

*Appeal from Chickasaw District Court.*—HON. A. N. HOBSON, Judge.

TUESDAY, JUNE 23, 1914.

INDICTMENT for maintaining stockyards in such manner as to cause a public nuisance. From a judgment on verdict of guilty, the defendant appeals.—*Affirmed.*

*Carr, Carr & Evans,* and *Smith & O'Connor* for appellant.

*Geo. Cosson,* Attorney General; *John Fletcher,* Assistant Attorney General, and *T. C. Clary,* County Attorney, for appellee.

WITHROW, J.—I. The defendant was indicted on the charge of maintaining a nuisance, and upon trial a judgment of conviction was entered, and it appeals.

The indictment charged it with using and maintaining a certain inclosure, pen, or pens, near the dwelling houses of citizens, in which inclosures cattle, hogs, and calves were confined, from which arose noxious exhalations, offensive and unwholesome smells, and with the noises made by the hogs and calves at night, becoming dangerous to the health, comfort, and property of the people residing in the immediate neighborhood, thus causing a common and public nuisance.

The errors assigned by the appellant relate to the refusal to give instruction No. 1 asked by it, and in giving that part of instruction No. 6, which told the jury that they could convict if they found that conditions were permitted which resulted in noxious exhalations and offensive smells, "or that the bleating in the nighttime of calves kept in the yards during said time became injurious and dangerous to the health, comfort, or property of individuals or the public."

Instruction No. 1, asked by the appellant was to the effect that evidence as to the bleating of calves in the nighttime could only be considered as bearing upon the character of the yard, in determining whether a nuisance was maintained, but that the defendant could not be found guilty because of such noises, and that guilt could only be established by evidence which showed that odors and smells arising from the stockyards were such as to be injurious or dangerous to the comfort of individuals.

By the given instruction and the one which was refused are raised the single question whether, under this indictment and the law relating to criminal nuisances, one may be convicted upon proof of conditions which are annoying or disturbing to the peace and comfort of individuals, not injurious to health.

1. CRIMINAL LAW: nuisance: disturbing noises.

II. Code, section 5078, provides that:

The erecting, continuing or using any building or other place for the exercise of any trade, employment or manufacture, which, by occasioning noxious exhalations, offensive smells or other annoyances, becomes injurious and dangerous to the health, comfort or property of individuals or the public; the causing or suffering any offal, filth or noisome substance to be collected or to remain in any place to the prejudice of others, constitutes a nuisance.

It is the contention of the appellant that as the statute is criminal, it must be strictly construed; and its provision as to "other annoyances" must be construed as relating to the terms immediately preceding the quoted words, and refer to annoyances of like character to those specifically named, which are noxious exhalations and offensive smells. There would be force in this contention, under the settled rules of construction, were dependence placed solely upon the statute above cited. *State v. Eno*, 131 Iowa, 619; *State v. Wignall*, 150 Iowa, 650. There is, however, another provision of the law which has bearing upon the case and which must be considered in arriving at a solution of the question raised in the present proceeding. Code, section 5081, which is a part of the chapter in which appears section 5078, provides that:

Whoever is convicted of erecting, causing or continuing a public or common nuisance as provided in this chapter, or at common law when the same has not been modified or repealed by statute, where no other punishment therefor is specifically provided, shall be fined not exceeding one thousand dollars, and the court, with or without such fine, may order such nuisance abated, and issue a warrant as hereinafter provided.

The indictment in its charging parts includes the noises made by the hogs and calves at night as one of the elements of the nuisance. The sufficiency of the charge as to the question of disturbing noises was not raised, excepting as such was done by the offered instruction.

It was within the power of the Legislature to change the

common law as to nuisances, so as to make things lawful which were not so (*State v. Beardsley,* 108 Iowa, 396; 29 Cyc. 1196), but the two sections of our statute quoted above show a purpose to hold for the public all the rights arising under the common law in such cases, and such may be done (*State v. Boll,* 59 Mo. 321; *Renwick v. Morris,* 7 Hill [N. Y.] 575). It therefore is to be determined whether permitting conditions which are disturbing to or an unreasonable interference with the peace and comfort of persons residing in the neighborhood constitute a criminal nuisance. It is generally recognized in the law that noises of such nature as to seriously and unreasonably interfere with the peace and comfort of nearby residents, disturbing repose and depriving of rest, may constitute a nuisance, even though they are unaccompanied with conditions which are injurious and dangerous to public health. *Davis v. Sawyer,* 133 Mass. 289 (43 Am. Rep. 519); *Seligman v. Victor Co.,* 71 N. J. Eq. 697 (63 Atl. 1093); *Snyder v. Cabell,* 29 W. Va. 48 (1 S. E. 241); *Woolf v. Chalker,* 31 Conn. 121 (81 Am. Dec. 175); *Herring v. Wilton,* 106 Va. 171 (55 S. E. 546, 7 L. R. A. (N. S.) 349, 117 Am. St. Rep. 997, 10 Ann. Cas. 66).

If the nuisance is a private one, indictment will not lie; but if it is of a public nature, the criminal statutes will apply. The test to be applied is whether it affects the general public, or merely a private individual. A nuisance is public when it affects the rights of citizens as a part of the public, that is, rights to which every citizen is entitled. *Knox v. New York,* 55 Barb. (N. Y.) 404; *State v. Luce,* 9 Houst. (Del.) 396 (32 Atl. 1076); *King v. Morris,* 18 N. J. Eq. 397. That all citizens have the right to be free from unreasonable annoyances is but the statement of a general purpose of the law; and in a neighborhood this right is in all residents, even though they may constitute but a small number of the larger community of which they are a part.

2. SAME: indictable nuisance.

The indictment charged a public nuisance, and was not

limited in its application to Code, section 5078, but by its language permitted proof of a public nuisance at common law. The proof, not only as to noxious and unwholesome smells, but also as to disturbing noises, warranted the finding of the jury; and the instructions given by the trial court, including instruction No. 6 which is criticized, had sufficient basis in submitting the charge of a common-law nuisance, under Code, section 5081.

We find no error, and the judgment of the trial court is—*Affirmed*.

LADD, C. J., and DEEMER and GAYNOR, JJ., concur.