# Richmond

MRS. F. A. HASTINGS v. BESSIE J. TAYLOR.

April 22, 1946.

Record No. 3033.

Present, All the Justices.

The opinion states the case.

*E. Peyton Turner* and *William Old,* for the appellant.

*L. J. Hammack,* for the appellee.

HOLT, J., delivered the opinion of the court.

Plaintiff in her bill charges that the defendant, a near neighbor, kept on her premises dogs which were so noisy as to become a nuisance. She asks that the defendant be required to keep these dogs in some other place and that a mandatory injunction to that effect issue.

By consent, evidence was heard *ore tenus*. Her complaint was sustained, the presiding chancellor being of opinion that these dogs were addicted to "undue howling and barking." A mandatory injunction issued, from which the defendant has appealed.

Without threshing over old straw, it suffices to say that the decree of a chancellor, who saw and heard the witnesses, is entitled to that weight which attaches to a jury's verdict approved by the trial judge. If it is supported by pertinent and credible testimony, that is enough. Conflicts cannot avail.

These litigants live in the residential section of Emporia. Plaintiff's home is on the northeast corner of Battery avenue and Farmer street. Defendant is on the northwest corner of these thoroughfares. Their homes are separated by a narrow street. Both of them have lived there for many years, and for many years it has been the custom of the defendant to keep dogs. She now has two. One of them she sold for $15.00. Miss Delta Hastings, her daughter, tells us the purpose for which they were kept:

"Q. Why did you sell the dog so cheap if you valued it so highly?

"A. We raise dogs, and $15 has been the price.

"Q. You raise dogs there?

"A. Boston bulls.

"Q. And you raise dogs on your premises for the purposes of trade?

"A. I always sold them at the age of 6 weeks."

They were kept in the defendant's yard, tied by chains and rings to clothes lines and so enjoyed a certain amount of freedom. As might be expected, they had much com-

pany. Mr. Taylor, in testifying, said that the day before he counted fifteen there.

Without undertaking to restate the evidence in detail, it may be said that these dogs were a noisy nuisance. The evidence is that recently for one night, at least, neither Mrs. Taylor nor her maid was able to sleep at all. Sometimes the Taylors had to leave the dining room, which opened out towards the defendant's yard, because of the howling and barking there. She and her husband expostulated in vain.

About eighteen months ago, they induced a neighbor to buy the principal offender, the purpose being to kill her. But the purchaser's heart failed him—he gave the dog away; and the dog came back home, as dogs will do, and is still there. Its owner refunded the $15.00. On another occasion they undertook through a friend to both parties to purchase the defendant's home. Mr. Taylor said that he was willing to pay more than its market price, but the Hastings were not interested. In short, if they are to be believed, they were long suffering and patient.

This statement of facts is set out in the decree under review:

" * * * Mrs. Bessie J. Taylor, is a person of normal and ordinary sensibilities and of ordinary tastes and habits; that the said complainant, Mrs. Bessie J. Taylor, is confined to her home, having been crippled from arthritis; that the respondent, whose residence is across the street from the home owned by the complainant, Mrs. Bessie J. Taylor, keeps and maintains upon her premises two dogs which are given to undue howling and barking, which howling, barking and noises from said dogs have broken the rest of the said complainant, Mrs. Bessie J. Taylor, interrupted her sleep, and seriously disturbed and annoyed her in the reasonable use and enjoyment of her property and her home."

Thereupon the chancellor, being of opinion that the doctrine of *sic utere tuo*, etc., applied, permanently enjoined the defendant from keeping these dogs and other noisy dogs on her premises.

The defendant, in her answer, said that her dogs were not noisy dogs, and that the plaintiff's annoyance was due to her nervous temperament.

This case is governed by *Herring* v. *Wilton*, 106 Va. 171, 55 S. E. 546, 7 L. R. A. (N. S.) 349, 117 Am. St. Rep. 997. All that was said there applies here. There the plaintiff charged that he had become so annoyed by the noisy nuisance of a neighbor's dog that he had "become extremely nervous, and at times unfit to attend to business" and had borne with patience this annoying situation until it had become intolerable. The defendant in his answer said that his dogs were not unreasonably noisy, and that the plaintiff's trouble was due to his nervous temperament. In that case the court well said: "Dogs in a neighbor's yard may effectually murder sleep and destroy the reasonable enjoyment of the home."

The only criticism which can be made of the chancellor's finding of facts is the statement that Mrs. Bessie J. Taylor is a person of normal and ordinary sensibilities. It is true that he follows that statement by saying that she is suffering from arthritis and confined to her home. She was an invalid and so stated in her testimony, but she further stated that sick or well, this nuisance was an unendurable one. The mere fact that one is unwell does not turn a neighbor loose to add to her discomfort.

Mr. Jones owns a barber shop next door to the plaintiff's place. He was asked:

"Q. Would you consider these dogs barking there has rendered the home practically useless to anybody?

"A. Yes, sir."

Mr. Taylor also was a party plaintiff. The bill was dismissed as to him for the reason that his health is now so abnormally precarious that noise of any kind is upsetting.

The evidence sustains the chancellor's decree and must be affirmed.

*Affirmed.*

BROWNING, J., dissenting.