## CIRCUIT COURT OF ALLEGHANY COUNTY

Benjamin V. Pearman

v.

James L. Oliver et ux.

September 16, 1981

### By JUDGE DUNCAN M. BYRD, JR.

This will reflect my findings and opinion as a result of a hearing in the above styled matter on September 9, 1981.

At the outset, I am of the opinion the facts establish that the "Sears Electric Insect Killer" which is the subject of this cause is located upon "Lot B" and is not subject to the covenants and restrictions applicable to Lots 13 and 14 of the South East Nine, Inc., addition to Clearwater Park. The applicable covenant reads:

> VI. No noxious or offensive activity shall be carried on *upon* any lot, nor shall anything be done *thereon* which may be or may become an *annoyance or nuisance to the neighborhood.* (Italics added.)

Since the "insect killer" is not located "thereon" or "upon" Lots 13 and 14, therefore the aforesaid covenant does not control this matter but rather the common law of nuisance.

"A private nuisance is an activity which *unreasonably* interferes with the use and enjoyment of another's property." (Italics added.) *Newport News* v. *Hertzler*, 216 Va. 587, 592 (1976). "To warrant an injunction against a noise as a nuisance, it must be shown that the noise is such as to produce *actual physical discomfort* to a person of ordinary sensibilities, and is *unreasonably*

and unnecessarily made." (Italics added.) *Herring* v. *Wilton*, 106 Va. 171 (1906).

> Not every inconvenience, discomfort, or annoyance is sufficient to constitute a nuisance. There must be an appreciable, substantial tangible injury, that affects the health, comfort or property of those who live near, and one that results in actual, material, physical discomfort. 58 Am. Jur. 2d, *Nuisances*, § 45.

> A landowner must submit to trifling annoyances, inconveniences, and discomfort which result from his neighbor's use and enjoyment of his own property, provided such use is reasonable, and suitable to the locality and does not cause unnecessary damage or annoyance. 58 Am. Jur. 2d, *Nuisances*, § 46.

Considering the totality of the evidence with due regard to the time, locality and degree of the noise complained of and applying the above standards and criteria to it, I do not believe the noise is unreasonable, has produced an appreciable, substantial tangible injury, nor produced actual, material discomfort. Accordingly, this cause should be dismissed.