Delia CARRIGAN, Appellant,

v.

Donald A. PURKHISER, Appellee.

No. 82–1266.

District of Columbia Court of Appeals.

Submitted Aug. 24, 1983.

Decided Sept. 29, 1983.

Douglas R. Stevens, Washington, D.C., was on brief, for appellant.

Carolyn Goodman, Washington, D.C., was on brief, for appellee.

Before NEBEKER, MACK and TERRY, Associate Judges.

TERRY, Associate Judge:

This case demonstrates that man's best friend is not necessarily the best friend of man's neighbor. Appellant filed suit in the Small Claims Branch of the Superior Court alleging that her next-door neighbor's dogs constituted a nuisance because of their incessant barking and unpleasant smell. Appellant prayed for $750 in damages and any equitable relief which the court might deem proper. After considering appellant's evidence, which apparently consisted solely of her own testimony, the court granted judgment for appellee. We conclude, after reviewing the record, that the court misapplied the law; accordingly, we reverse the judgment and remand the case for a new trial.

I

"A private nuisance is a nontrespassory invasion of another's interest in the private use and enjoyment of land." RESTATEMENT (SECOND) OF TORTS § 821D (1979); accord, W. PROSSER, HANDBOOK OF THE LAW OF TORTS § 89, at 591 (4th ed. 1971); B & W Management, Inc. v. Tasea Investment Co., 451 A.2d 879, 882 (D.C.1982). Unlike a trespass, which is "an invasion of the interest in the exclusive possession of land," a private nuisance is "an interference with the interest in the private use and enjoyment of land, and does not require interference with the possession." RESTATEMENT, supra, § 821D, comment d; accord, W. PROSSER, supra at 595. Thus "not only the interests that a person may have in the actual present use of land for residential ... and

other purposes" are protected, but also "the pleasure, comfort and enjoyment that a person normally derives from the occupancy of land." RESTATEMENT, *supra,* § 821D, comment b.

The trial court's ruling in this case is deficient in two respects. First, it appears that the court confused the law applicable to the tort of trespass to land with that applicable to a claim of private nuisance. Second, the court's statement of proceedings and evidence [1] reflects a basic misunderstanding as to the degree of interference with the use and enjoyment of land which will support a nuisance action.

■ The court observed that there was "no suggestion that the defendant's dogs [were] permitted to run loose in the neighborhood or to go onto or enter the plaintiff's premises" and that the barking "occur[red] most frequently from inside the defendant's house ... at times when the dogs [were] properly restrained." The fact that appellee's dogs were restrained on his premises and did not enter appellant's land would be significant if appellant's claim were for trespass. However, since appellant's claim was for a private nuisance, the trial court should have considered the extent to which the smell and noise of appellee's dogs interfered with appellant's reasonable use and enjoyment of her own land, not with her right to the exclusive possession of it. [2] Thus, to the extent that the court applied legal concepts relevant to the tort of trespass in rejecting appellant's claim for private nuisance, the court erred.

The court also noted with some emphasis that appellee's dogs were mere "household pets or watchdogs" and that there was no evidence that appellee "maintain[ed] dogs for breeding purposes, boarding purposes, or other commercial purposes." Of course, if appellee were engaged in the commercial breeding or keeping of dogs, appellant's case might be even stronger. *See* Annot., 11 A.L.R.3D 1399 (1967). However, this fact is by no means dispositive, for the barking of a single household pet could, in some circumstances, be an actionable nuisance. "It is the disturbance and not the number of dogs to which the test must be applied." *Adams v. Hamilton Carhartt Overall Co.,* 293 Ky. 443, 446, 169 S.W.2d 294, 296 (1943); *see Hastings v. Taylor,* 185 Va. 13, 37 S.E.2d 767 (1946).

■ Finally, the court remarked in its statement of proceedings and evidence:

The plaintiff asserted that, as a result of the behavior of defendant's dogs, she had to use household deodorant sprays daily and was inconvenienced in the use of her own backyard. However, there is no credible testimony of any specific damages suffered by the plaintiff that are attributable to the negligence or unlawful behavior of the defendant.

Although the court said elsewhere that it had assessed appellant's credibility, it did not say that it found her testimony incredible, nor can the record as a whole be read to imply such a finding. If this particular excerpt from the record was intended as a credibility finding, the court should have said so, for without a finding that appellant's testimony was incredible, the two quoted sentences are inconsistent with one another. To the extent that the barking and odor of appellee's dogs interfered with appellant's use and enjoyment of her home and backyard, appellant suffered an injury. If she has been obliged to spend money on deodorant sprays because of the odor emanating from the dogs, she has been monetarily damaged. If, on the other hand, the court was saying that appellant had failed to present sufficient evidence to support her claim that the dogs were a nuisance, such a conclusion cannot be sustained. It appears that the court erroneously applied the "special damage" test which gives a private party standing to bring an action

---

1. See D.C.App.R. 6(d)(3).

2. In some instances, of course, a person's conduct may give rise to both a claim of trespass and a claim of nuisance. RESTATEMENT, *supra,* § 821D, comment e; W. PROSSER, *supra* at 595.

for a public nuisance. *See B & W Management, Inc. v. Tasea Investment Co., supra,* 451 A.2d at 882; *Holloway v. Bristol-Myers Corp.,* 327 F.Supp. 17, 24 (D.D.C.1971), *aff'd,* 158 U.S.App.D.C. 207, 485 F.2d 986 (1973). That test has no place in an action seeking damages for, or equitable relief from, a private nuisance.

## II

In a non-jury case, a motion for judgment at the close of the plaintiff's evidence is treated as a motion to dismiss under Super.Ct.Civ.R. 41(b). *Bay General Industries, Inc. v. Johnson,* 418 A.2d 1050, 1054 (D.C.1980); *Keefer v. Keefer & Johnson, Inc.,* 361 A.2d 172, 174 (D.C.1976). The trial court may grant a motion to dismiss if "upon the facts and the law the plaintiff has shown no right to relief," but in doing so, it must make findings as provided in Super.Ct.Civ.R. 52(a). *See* Super.Ct.Civ.R. 41(b);[3] *Marshall v. District of Columbia,* 391 A.2d 1374, 1379 (D.C.1978).

■ The trial court's failure to make such findings would ordinarily require us to remand the case for that purpose. *See Bay General Industries, Inc. v. Johnson, supra,* 418 A.2d at 1054 n. 12. In some instances, however, "other factors ... may warrant remanding for a new trial." *Warner Corp. v. Magazine Realty Co.,* 255 A.2d 479, 481 (D.C.1969) (citation omitted). We believe that a new trial is called for in this case. Here, as in *Warner,* "[t]he record is unclear whether the trial court granted appellee's motion [for judgment] on the merits or for the failure of appellant to make out a prima facie case." *Id.* We have determined that appellant did sustain her burden of making a prima facie showing, and we have also concluded that the trial court failed to apply the correct law to the facts proven by appellant to support her claim of private nuisance; consequently, the court's decision

to dismiss her case was erroneous. We do not in any way imply, however, that appellant is entitled to any relief. That is a question for the trial court to consider *de novo* at a new trial, after it correctly applies the law governing private nuisance claims to appellant's case.

*Reversed and remanded.*[4]

---

3. Civil Rules 41 and 52 are both applicable in the Small Claims Branch. *See* Super.Ct.Sm. Cl.R. 2.

4. We express no view on whether appellant's motion for transfer of her case to the Civil Division should be granted or whether she is entitled to a jury trial. These are matters which should be addressed in the first instance to the trial court on remand.