Juanita Kennedy MORGAN, Appellant,

v.

Marion S. BARRY, Jr.,
et al., Appellees.

No. 98–7117.

United States Court of Appeals,
District of Columbia Circuit.

Dec. 14, 2000.

Rehearing and Rehearing en Banc
Denied Feb. 8, 2001.

Before HENDERSON, ROGERS and TATEL, Circuit Judges.

## JUDGMENT

This case was heard on the record from the United States District Court for the District of Columbia and on the briefs and arguments by counsel. The court has accorded the arguments full consideration and has determined the issues presented occasion no need for a published opinion. *See* D.C.Cir. Rule 36(b). Accordingly, for the reasons set out in the accompanying memorandum, it is

ORDERED that the district court be affirmed in part and reversed and remanded in part.

The clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely peti-

tion for rehearing. *See* D.C.Cir. Rule 41(a)(1).

## MEMORANDUM

The appellant, Juanita Kennedy Morgan, seeks review of several rulings and orders made by the district court in the course of a section 1983 action. The appellees include the District of Columbia (District), Leon Faulkner, Martha Faulkner, Ruth M. Humbles, Kenneth VanderVfliet, John Rowlands, John Alter and two John Does.[1] As explained below, we affirm the district court in part and reverse and remand in part.

## I. BACKGROUND

The case arises out of an alleged wrongful eviction. On May 26, 1987 Morgan sold her house to Martha Faulkner and Ruth Humbles (two sisters).[2] Although the sale contract provided that the house would be unoccupied as of the closing date, according to Morgan's trial testimony, the Faulkners agreed to rent the house to her for one month to give her time to pack her possessions. In exchange, Morgan's settlement attorney paid the Faulkners $1195 in rent. The Faulkners denied that any rent-back agreement existed among the parties and asserted that the appellant was simply taking too long to move out.

On June 9, 1987 Mr. Faulkner went to the premises demanding a key to the house. He testified at trial that, when he arrived, Morgan brandished a gun and told him to leave her alone or he would be sorry. He called the Metropolitan Police Department (MPD). At around one o'clock, a group of officers arrived at the

---

1. Of the appellees, only the District (representing itself and Officers VanderVfliet, Rowlands and Alter) has filed briefs with this court.

2. The house was to be occupied by Martha Faulkner and her husband Leon Faulkner but the contract as well as the deed included Humbles as a buyer for financing reasons. The premises are located at 2705 30th Street, N.E., Washington, D.C.

scene but concluded that the dispute was a civil matter and took no further action. Later that day, however, between six and seven o'clock, another group of officers, including Rowlands, VanderVfliet and Alter, went to the premises responding to a second call by Mr. Faulkner. The reason for their presence and what they did while they were on the premises was disputed at the trial.

The MPD officers testified that they were dispatched to respond to reported gun shots. They further maintained that upon arriving at the premises they asked Morgan where her gun was and, receiving no answer, searched the premises because guns had been found there on earlier occasions. When the search turned up no weapon, the officers attempted to mediate the property dispute between Mr. Faulkner and the appellant.

Morgan, on the other hand, testified that at least one of the officers told her she had no right to be on the premises and, if she remained, she would be subject to arrest. Under such threats, she left as the officers allowed the Faulkners to change the door locks. The appellant regained possession of the premises later in June when the D.C. Superior Court issued a temporary restraining order restoring her to possession until June 27, 1987.

On June 8, 1988 the appellant filed suit against the appellees in the district court and a jury trial began on April 22, 1993. At the conclusion of the trial, but before the matter had been submitted to the jury,

the district court entertained several motions for judgment as a matter of law. The court (1) dismissed Morgan's false imprisonment, trespass and conversion claims against all defendants; (2) dismissed the wrongful eviction and section 1983 claims against VanderVfliet and Alter and (3) dismissed all claims against Martha Faulkner.[3] Moreover, the court declined to permit the jury to consider punitive damages on any of the counts.

The jury was given special interrogatories and, after deliberating, found Rowlands not liable on the illegal search count but liable for wrongfully evicting Morgan in violation of her right to due process and for assault and battery. Moreover, Rowlands, Leon Faulkner and the District were found liable for wrongfully evicting the plaintiff in violation of the D.C.Code. Lastly, the jury concluded that Rowlands, VanderVfliet and the District, although not liable for intentional infliction of emotional distress, were liable for negligent infliction of emotional distress. The jury awarded $67,500 in damages.[4]

After entry of judgment, the court granted the District's motion for a new trial on damages. *See supra* note 4. Subsequently, on March 24, 1994 the district court dismissed the appellant's section 1983 claim against Rowlands under *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), *overruled in nonrelevant part by Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662

3. Before trial, the district court granted Humbles's summary judgment motion on all claims against her.

4. Instead of awarding total damages for each claim, the jury awarded damages against each defendant as follows: Rowlands $20,000; VanderVfliet $7500; Faulkner $15,000 and the District $25,000. The district court granted a new trial on damages, concluding that

"there is the possibility that different damage amounts were assessed against individual parties with joint and several liability, resulting in inconsistent awards against several of the defendants" and that the award against the District "amounts to double recovery for the same conduct." *Morgan v. Barry*, Civil Action No. 88–1578 (D.D.C. Aug. 31, 1993).

(1986).[5] The district court also rejected Morgan's argument that the jury verdict should be sustained on a substantive due process theory.[6]

Before the retrial on damages, the appellant sought permission to introduce expert testimony by Lieutenant Charles Callis, a former police officer, who had testified as an expert witness on police procedures during the first trial. The court declined to hear from Callis. At the conclusion of the retrial, the second jury awarded $25,000 in damages. This appeal followed.

## II. DISCUSSION

Morgan contests the district court's rulings on a number of grounds. She argues that the district court erred (1) in dismissing the section 1983 claim against Rowlands; (2) in granting a retrial on the issue of damages; (3) in not permitting the jury to consider punitive damages; (4) in dismissing the false imprisonment, trespass and conversion claims against all defendants; (5) in dismissing all claims against Martha Faulkner and Ruth Humbles; (6) in dismissing some of the claims against VanderVfliet and Alter and (7) in the second trial, in disallowing damages testimony from Callis. We conclude that only some of the issues on appeal have merit and we therefore limit our discussion to those issues.

When reviewing a district court's grant of a judgment as a matter of law, "[w]e can affirm the district court's rulings only if we find 'no legally sufficient evidentiary basis for a reasonable jury to find for' the [appellant] under applicable District of Columbia law." *Hendry v. Pelland*, 73 F.3d 397, 400 (D.C.Cir.1996) (quoting Fed. R.Civ.P. 50(a)(1)). "We review the district court's rulings *de novo*, considering the evidence in the light most favorable to the [appellant] and making all reasonable inferences in [her] favor." *Id.* (citing *Mackey v. United States*, 8 F.3d 826, 829 (D.C.Cir.1993)).

## A. Claims Against Leon Faulkner and Martha Faulkner

■ The appellant argues that the district court erroneously dismissed the trespass claim against Leon and Martha Faulkner. We agree. "The tort of trespass in the District of Columbia is the intentional intrusion of a person or thing upon property that invades and disrupts the owner's exclusive possession of that property." *Daily v. Exxon Corp.*, 930 F.Supp. 1, 2 (D.D.C.1996) (citing *Carrigan v. Purkhiser*, 466 A.2d 1243, 1243 (D.C. 1983); Restatement (Second) of Torts §§ 158–59 (1965)). As this court stated long ago,

[a] trespass is simply an unauthorized entry by one person upon the land of another, and it can make no manner of difference whether the person making the unauthorized entry knew it was the land of the plaintiff or supposed it to be the land of a third person or supposed that it was his own land. The question is not what he knew or supposed in reference to the ownership of the land; but was it in fact the land of another, and not his own and did he go upon it without authority or license from the lawful proprietor? If he did he committed a trespass, although it might be but

---

**5.** The district court held that the eviction was an unauthorized departure from MPD policy and that post-deprivation remedies under D.C. law provided Morgan sufficient redress.

**6.** The district court reasoned that the case had not been tried or argued to the jury as involving a substantive due process violation and therefore Morgan's efforts to recast it in a substantive due process light came too late.

a technical trespass entitling the owner to merely nominal damages.

*Cahill v. Harris,* 6 D.C. (Mackey) 214, 215 (D.C.1867).

Here, the record contained sufficient evidence from which the jury could conclude that Morgan enjoyed a present right of possession of the premises and that the Faulkners' presence there was unauthorized. Therefore, the district court erred in granting the Faulkners' motion for judgment as a matter of law on Morgan's trespass claim.

■ The appellant also argues the Faulkners can be held liable for conversion. "In order for there to be a conversion there must be an unlawful exercise of ownership, dominion and control over the personalty of another in denial or repudiation of his right to such property." *Blanken v. Harris, Upham & Co., Inc.,* 359 A.2d 281, 283 (D.C.1976) (citing *Shea v. Fridley,* 123 A.2d 358, 361 (D.C.1956)). Here, argues the appellant, by wrongfully evicting her from the premises, the Faulkners forced her to leave behind several items of personal property, thus exercising dominion and control over those items. We agree. The record shows that, after the appellant left the premises, the Faulkners took possession of the house and changed the locks on the doors, preventing Morgan's access to her personal property. From this evidence, a reasonable jury could find that the Faulkners exercised "dominion and control over the personalty of another in denial or repudiation of [her] right to such property" and therefore hold them liable for conversion. Accordingly, the district court erred in granting judgment as a matter of law to the Faulkners on the conversion count.

■ The appellant further contends that the district court erred in dismissing the wrongful eviction claim against Martha Faulkner. Again, we conclude that the record contains enough evidence to make the issue one for the jury to decide. Martha Faulkner is the record co-owner of the house and the co-recipient of Morgan's $1195 check. Several witnesses placed her at the premises on the day of the eviction and it is undisputed that she spent the night there after Morgan left. Moreover, Morgan argued below that Leon Faulkner was acting as an agent of Martha Faulkner in the course of the eviction. We are persuaded that a reasonable jury could believe Morgan's contentions on this claim and, therefore, we reverse the district court's grant of judgment as a matter of law to Martha Faulkner on the wrongful eviction claim.

We turn now to the issue of punitive damages. Under D.C. law, "[p]unitive damages are justified only when the defendant commits a tortious act accompanied with fraud, ill will, recklessness, wantonness, oppressiveness, willful disregard of the plaintiff's rights, or other circumstances tending to aggravate the injury." *Dalo v. Kivitz,* 596 A.2d 35, 40 (D.C.1991) (citations and quotation marks omitted). Moreover, "[w]hether punitive damages will lie depends on the intent with which the wrong was done, and not on the extent of the actual damages." *Id.* (citations and quotation marks omitted).

■ Morgan argues that based on the evidence presented in this case, the question of punitive damages should have been submitted to the jury. We agree as to the claims against Leon Faulkner. Viewing the inferences most favorably to Morgan, a jury could reasonably find that Leon Faulkner acted with malice or in willful disregard of Morgan's rights. He had no right to immediate possession and yet caused her to be evicted. By contrast, her evidence does not support such findings as to the police officers, who were attempting

**6**

to mediate the parties' dispute. With respect to Martha Faulkner, we leave to the discretion of the district court on remand whether Morgan's evidence supports submission of a punitive damages claim to the jury.

**B. Wrongful Eviction Claim against VanderVfliet**

█ The appellant asserts that the jury could have found VanderVfliet liable for wrongful eviction. He was the highest ranking officer on the premises when the eviction occurred and several witnesses testified that the police officers were acting in concert. Although VanderVfliet testified that he was merely attempting to mediate, the jury could have credited the testimony of other witnesses over that of VanderVfliet. On this record, we cannot say, "considering the evidence in the light most favorable to the [appellant] and making all reasonable inferences in [her] favor," that there was " 'no legally sufficient evidentiary basis for a reasonable jury to find for' the [appellant] under applicable District of Columbia law." *Hendry,* 73 F.3d at 400. Therefore, we reverse the district court's grant of judgment as a matter of law to VanderVfliet on Morgan's wrongful evictions claim.

█ We note, however, that to the extent any damage award for wrongful eviction compensates the appellant for the same harm as a damage award for negligent infliction of emotional distress, the appellant may not receive double recovery therefor. *See supra* note 4; *Kassman v. American Univ.,* 546 F.2d 1029, 1033–34 (D.C.Cir.1976); *Franklin Inv. Co. v. Smith,* 383 A.2d 355, 358 (D.C.1978).

**C. Remaining Claims**

As to the appellant's remaining claims, we affirm the district court substantially for the reasons stated by the district court.

**III. CONCLUSION**

In sum, we reverse the district court's grant of judgment as a matter of law on the trespass and conversion claims against Leon and Martha Faulkner and on the wrongful eviction claims against Martha Faulkner and Kenneth VanderVfliet and remand the case to the district court on these issues. In all other respects, the district court is affirmed.