## Richmond.

### SCHOOLFIELD'S EX'OR v. CITY OF LYNCHBURG.

#### January 24, 1884.

1. TAXING POWER—*State*.—The legislature hath absolute sovereign power of taxation, save so far as restricted by the federal or State constitution. But all taxation—State, county or town—must be equal, uniform and *ad valorem*, except as to incomes, licenses and capitation.

2. IDEM—*Municipal*.—Municipal corporations have no power of taxation, unless the power be plainly and unmistakably conferred, and laws conferring on them powers of taxation must be strictly construed.

3. COLLATERAL INHERITANCE TAX.—Such succession tax is a premium demanded for the privilege of transmitting one's estate, and is not a tax on property in the sense of the constitution, Art. 10, § 1. To impose a tax on such privilege is a power inherent in the legislature in the absence of constitutional inhibition.

4. COUNTIES AND MUNICIPALITIES.—The legislature may delegate to counties and municipal corporations the power to impose a succession tax; but the burden is always on them to show the clear legislative intent to do so.

5. CONSTRUCTION OF STATUTES.—The power to impose a collateral inheritance tax has been delegated to the city of Lynchburg neither by Code 1873, ch. 54, § 33, nor by the charter of that city.

Appeal of John L. Schoolfield, executor of Henry D. Schoolfield, deceased, from decree of circuit court of Lynchburg, rendered 21st November, 1882, in suit of appellant in his own right and as such executor, and Henry O., James M, John T., Walter S., Mildred M. and Ormond M. Humphreys, infant children of John T. Humphreys, deceased, by Ro. I. Davis, their next friend, against the city of Lynchburg. The object of this suit was to enjoin

and prevent the city of Lynchburg from levying and collecting a collateral inheritance tax of five per cent. upon a legacy of $82,081.71 bequeathed by the will of the said Henry D. Schoolfield to the appellants. The circuit court dissolved the injunction as to all of the property bequeathed, which was situated within said city. From the decree the legatees obtained an appeal to this court.

Opinion states the case.

*Kean & Kean,* and *Ro. I. Davis,* for the appellants.

*Kirkpatrick & Blackford,* and *Stephen Adams,* for the appellee.

LACY, J., delivered the opinion of the court.

Henry O. Schoolfield died in the State of North Carolina in May, 1880, having made his will with two codicils, which were all duly proved in the corporation court of Lynchburg, where the testator had real estate of the value of $32,200, on the third of July, 1880. The appellant and John T. Humphreys qualified as executors thereof. Said Humphreys has since died. By said will the testator gave certain special pecuniary legacies to his nephews and nieces and to the Humphreys children, and devised his real estate for the support of the widow and children of said Humphreys. By a tax ordinance passed on the 7th of May, 1880, and another passed May 6th, 1881, the common council of the city of Lynchburg imposed a collateral inheritance tax upon this real estate and the personal estate of the testator given in these legacies, which passed by his will, of five per centum on the aggregate value, which was $82,081.74, making a tax to the city on this succession of $4,104.09.

The collection of this tax was stayed by injunction by the circuit court; the city answered, and at the November

term, 1882, the cause came on for final hearing, when the court decreed that the city had no power by its charter to collect collateral inheritance taxes; that such power could be found only in section 33 of chapter 54 of the Code of 1873; that under the said statute said tax could be levied and collected by the city only on the value of so much of the estate which passed to the legatees and devisees as was situated within the corporate limits of the said city.

It was agreed that the value of this property was $32,200, the tax on which, at 5 per centum, amounts to $1,610, and the court dissolved the injunction as to so much of said tax, perpetuating it as to the residue.

From this decree an appeal to this court was applied for and allowed March 23d, 1883.

The 33d section of chapter 54 of the Code of 1873 is as follows:

" § 33. It (the council or board of trustees of any town) shall annually cause to be made up and entered on its journal an account of all sums lawfully chargeable on the town which ought to be paid within one year, and order a town levy of so much as in its opinion is necessary to be raised in that way, in addition to what may be received for licenses and from other sources. The levy so ordered may be upon the male persons in the said town above the age of sixteen years, and upon any property in the said town, and on such other subjects as may at the time be assessed with State taxes against persons residing in the town."

The language of the city ordinance levying a tax upon collateral inheritances for city purposes, is as follows:

"IV. That upon the estate of any decedent which shall pass by his will, or in case of his intestacy, to any person other than his lineal descendant, or his father, mother, husband, wife, brother or sister, the tax thereon shall be five per centum upon the value or amount thereof, which is the provision of the act of the legislature for State taxation on collateral inheritances."

Section 33 of chapter 54 has been held by this court to apply to cities of the State as well as to the towns, and was adopted for uniformity by the legislature   See *City of Richmond* v. *Daniel*, 14 Gratt., opinion of Samuels, Judge, and *Mayo, Mayor* v. *James*, 12 Gratt., opinion of Moncure, Judge.

The right of the city of Lynchburg to assess the collateral inheritance tax in question is contested.   The right of the city to levy this tax has been held by the learned judge of the circuit court to be established by § 33, ch. 54 of the Code of Va., which has been set forth above.   The language relied on as giving the authority is as follows : " The levy so ordered may be upon any property in the said town, and on such other subjects as may at the time be assessed with State taxes against persons residing in the town."   The State imposes a collateral inheritance tax upon the estate of any decedent of five per centum.   The property taxed is situated in the city of Lynchburg.   There is no authority in the charter of the city expressly given to the common council to levy a collateral inheritance tax, although the subjects enumerated are very numerous.   The pretext for the authority to levy this tax is based solely on the said section 33 and  the ordinance of  the common council cited above.

Under the act of March 2d, 1854, § 15, which imposed a tax upon collateral inheritances, the right to levy this tax was contested in the case of Eyre  v. Jacob, upon the ground that the tax  was  a  violation of the constitution of the State, which provided  the provision  for  uniformity  and equality of taxation.   In that case it was insisted that the provision for uniformity and equality of taxation applied to every species of tax, and it was also insisted  that this tax was a tax on property and was a violation of the con- stitution of the State, which provided that all taxes should be equal and uniform.   On the other hand, that this tax

was not a tax on the property but a tax on the transitus of property. The court said the legislature possesses the full, absolute, sovereign power of taxation, except so far as it may be surrendered to the general government, be interdicted by the constitution of the United States, or as it may be controlled by the restrictions and mandates of the constitution of the State, citing *City of Richmond* v. *Daniel,* 14 Gratt. And this power should be sustained and upheld as essential to the very existence of the government of the State and as providing the means for vindicating her sovereign authority. *Providence Bank* v. *Billings,* 4 Peters, 514; *Weston* v. *City Council of Charleston,* 2 Peters, 449.

We do not go to our constitution to see what powers of taxation are given to the legislature, but to ascertain what restrictions and limitations upon its general powers are imposed by its provisions. If, therefore, the power to tax any subject whatever is not excluded by the terms of the constitution, or by necessary or inevitable implication, it must exist in the legislature, to be exercised at the discretion of that body, as wisdom and a proper sense of justice shall direct.

This court there said, " it is insisted that this is a tax on property, and that it is violative of the constitution, which declares that all taxation shall be equal and uniform throughout the Commonwealth.

" If this tax were properly to be considered as a tax on property, there would be great force in this argument. As the ordinary annual tax had been assessed upon the decedent, this would, then, appear to be a second taxation of the same subject. But such, I think, is not its true character. It cannot be regarded in a proper legal sense as a tax upon property. The intention of the legislature was plainly to tax the transmission of property by devise or descent to collateral kindred. It is a premium paid for the right enjoyed."

In the cases of *Miller* v. *The Commonwealth* and *Barrett* v. *The Commonwealth*, reported in 27th Gratt., all the successive statutes upon the subject of this tax are collated and reviewed by Judge Christian, who cites and approves *Eyre* v. *Jacob*, Judge Moncure concurring, who had dissented in *Eyre* v. *Jacob*, and while the court in this case was not unanimous, yet the question as to the State tax upon collateral inheritances may be said to be settled. And in a later case—*Peters* v. *The City of Lynchburg*—Judge Staples concedes the complete power of the legislature of the State to tax collateral inheritances. In this last named case, which is reported in 76 Va., 1st Hansbrough, 927, and was decided by an evenly divided court, this question which we are here called to consider was under review in this court. In that case a collateral inheritance tax was assessed by the city of Lynchburg of five per centum on a legacy of $10,000 bequeathed to Julia Trible. There the circuit court decided that the city had the right to impose the tax, and upon appeal an evenly divided court here approved and affirmed the decree.

Judge Anderson, in his opinion in that case, said: "There is a difference in the ordinances of the two constitutions (of 1851 and 1869) on the subject of taxation. I will not say that they are in conflict, but the present constitution is more explicit, and is not, I think, liable to the doubtful construction on some points which were given to the former constitution. Article 10, § 1, declares that taxation, except as hereinafter provided, whether provided by State, county, or corporate bodies, shall be equal and uniform, and all property, both real and personal, shall be taxed in proportion to its value, to be ascertained as prescribed by law. No one species of property from which a tax may be collected shall be taxed higher than any other species of property of equal value." He added that "the only exceptions thereinafter provided are licenses and incomes, and

all other business which cannot be reached by the ad valorem system; that the State is not restricted in the exercise of the power by the constitution; that it is a power inherent in the sovereignty of the State."

"But," says the learned judge, "it is very clear that the constitution has not vested this power in counties or corporate bodies, and they have no such inherent power as adheres in the sovereignty of the State. They have no power of taxation, except the power be plainly and unmistakably conferred. That Judge Dillon says, it is a principle universally declared and admitted, that municipal corporations can levy no taxes, general or special, upon the inhabitants or their property unless the power be plainly and unmistakably conferred. It has, indeed, often been said that it must be specifically granted in terms, but all courts agree that the authority must be given either in express words or by necessary implication, and that it cannot be collected by doubtful inferences from other powers or powers relating to other subjects, nor deduced from any consideration of convenience or advantage." 2 Dillon. Mun. Corp. § 605. Citing *The Town of Danville* v. *Pace*, decided at the March term, 1882—

He continues: "That the charter of the city of Lynchburg gives no such power," and says "no such power could be given by the State to corporations, and that the charter has superseded section 331, ch. 54."

Staples, Judge, was of opinion that the legislature had the power to confer this power upon the corporations, but was of opinion that in this case it had not been conferred upon the city of Lynchburg, either by its charter or by section 33, ch. 54 of the Code, and concurred with Judge Anderson in reversing the decree.

The power to levy any tax by a corporation cannot be inferred from legislative authority, unless such appears to be the clear legislative intent. 1st Kan. 432; 2d Kan. 454.

The burden is upon the corporation to show the grant (to lay the taxes) by express words or necessary implication. For otherwise it cannot be justified in the exercise of this high prerogative of sovereignty. *Savannah* v. *Hartridge*, 8 Ga. Statutes authorizing the levying of taxes, are strictly construed, and if there is much doubt, that doubt exempts the citizen from the burden. *Lot* v. *Ross*, 38 Ala.

The law (authorizing local assessments) must be strictly followed as to all its substantial requirements. *Scammon* v. *Chicago*, 40 Ill. It is undoubtedly true, as held by this court in *The City of Richmond* v. *Daniel,* that laws conferring the power of taxation upon a municipal corporation are to be construed strictly, &c. *Railrood Co.* v. *Alexandria*, 17th Gratt.

If the objects or subjects of taxation are expressly designated, the right to tax for other objects or subjects cannot be derived from the general power, though expressly conferred, to enact by laws for the good government of the town. *Asheville* v. *Means*, 7 Ired. N. C. Law R.

Upon an inspection of the charter of this city, Session Acts 1879–80, p. 98, we find the subjects upon which the city of Lynchburg is authorized to levy a tax enumerated at great length, until they seem to cover every conceivable subject which might find place in a tax list, and yet we find no authority for the levying of this tax. Under the authorities cited and a plain rule of construction, we cannot conclude otherwise than that for reasons deemed wise the legislature intended to withhold this power. And we are of opinion that the decision of the learned judge who decided that this power was to be found in section 33 of ch. 54, is not sustained by the terms of that section. The words "upon any property in said town" cannot be held to confer the power, because, as we have seen, this is not a property tax, although the corporation was restrained by the decree

of the lower court from levying this tax upon such of the collateral inheritance as did not lie within the town.

In the light of the authorities cited and upon reason the concluding sentence cannot be construed to apply to other subjects than such as are assessed annually with State taxes. The provision is general and was intended to apply to the general subjects of taxation, such as are provided for taxes generally, and ought not be extended to include a special power to levy this special tax, unless the authority be expressly given by law.

And we may observe that while the State, in the exercise of sovereign power, is without control as to the levying of taxes, that the corporation is limited to what may be necessary when it shall annually cause to be made up and entered on its journal an account of all sums lawfully chargeable on the town which ought to be paid within one year; and if the legislature had intended to confer this power on the corporation, we cannot doubt but in its wisdom some limit would have been placed upon this grant of power.

We are unanimously of opinion that the circuit court erred in its decree complained of, and the said decree must be reversed and annulled.

DECREE REVERSED.