## Staunton.

TOWN OF WYTHEVILLE V. JOHNSON'S EXECUTOR AND OTHERS.

108    589
f110   153

September 10, 1908.

Absent, Keith, P., and Buchanan, J.

1. EQUITY JURISDICTION—*Unauthorized Tax—Injunction.*—The jurisdiction of a court of equity to enjoin the enforcement of an unauthorized tax is firmly established in this State.

2. TAXATION—*Collateral Inheritance Tax—Power of Cities and Towns to Impose—Code, Sec. 1043.*—Neither the general law (Code 1904, sec. 1043) which authorized cities and towns to levy a tax on "any property therein, and upon such other subjects as may at that time be assessed with State taxes against persons residing therein," nor the charter of the town of Wytheville which authorizes it to levy taxes "on all subjects taxable by the State" confers any authority upon said town to levy a collateral inheritance tax. The statutes quoted above apply only to the ordinarily annually recurring tax on property and other subjects of taxation, and not to a burden on the devolution of property. Such a burden is not a property tax.

3. TAXATION—*Power of Municipalities to Tax—Express Grant.*—When municipal officers assume to exercise the power of taxation over any subject, they must be able to show a warrant for it in the very words of the grant. Authority to tax is strictly construed.

Appeal from a decree of the Circuit Court of Wythe county. Decree for complainant. Defendant appeals.

*Affirmed.*

The opinion states the case.

*J. J. A. Powell,* for the appellant.

*B. F. Buchanan,* for the appellee.

WHITTLE, J., delivered the opinion of the court.

This appeal is from a decree of the Circuit Court of Wythe county, injoining the treasurer of the town of Wytheville from levying and collecting a collateral inheritance tax on property, real and personal, devised and bequeathed to the appellee, Nannie L. Wadley, by the will of her deceased aunt, Emily L. Johnson.

The jurisdiction of a court of equity to enjoin the enforcement of an unauthorized tax is too firmly established in this jurisdiction to admit of serious question. *Goddin* v. *Crump,* 8 Leigh 120; *Bull* v. *Read,* 13 Gratt. 78; *Eyre* v. *Jacob,* 14 Gratt. 422, 73 Am. Dec. 367; *Miller* v. *City of Lynchburg,* 20 Gratt. 330; *Johnson* v. *Drummond,* 20 Gratt. 419; *Llewellen* v. *Lockharts,* 21 Gratt. 570; *City of Richmond* v. *R. & D. R. Co.,* 21 Gratt. 604; *Redd* v. *Supervisors,* 31 Gratt. 697; *Schoolfield* v. *City of Lynchburg,* 78 Va. 366. There is no merit, therefore, in the first assignment of error, which questions the jurisdiction of the court on the ground that section 571, Va. Code, 1904, affords a complete and adequate remedy at law.

The essential facts are these: The testatrix, Mrs. Johnson, a resident of the town of Wytheville, died June 21, 1907, and shortly thereafter her will was admitted to probate. The collateral inheritance tax imposed on behalf of the State was paid by the executor. On August 2, 1907, more than a month after the death of the testatrix, the town council passed an ordinance laying a collateral inheritance tax, for the use of the town, of five *per centum* on every hundred dollars in value of the estate of any decedent in the town, and declared that the ordinance should take effect from January 1, 1907.

On the merits, the only question material to be considered is whether the power to impose a collateral inheritance tax has been delegated to the town of Wytheville, either by general statute or charter.

The enactment found in section 1043, Va. Code, 1904, is as follows: "The council of every city and town shall cause to be

made up and entered upon their journal an account of all sums lawfully chargeable on the city or town, which ought to be paid within one year, and order a city or town levy of so much as in their opinion is necessary to be raised in that way, in addition to what may be received for licenses and from other sources. The levy so ordered may be upon the male persons in the said city or town above the age of twenty-one years, and upon any property therein, and upon such other subject as may at that time be assessed with State taxes against persons residing therein."

Section 42 of the town charter provides, that "For the execution of its powers and duties, the council may raise taxes annually by assessments in said town on all subjects taxable by the State, such sums of money as they may deem necessary to defray the expenses of same, and in such manner as they may deem expedient (in accordance with the laws of the State, and the United States * * *)."

A statute substantially similar to section 1043 (sec. 33, ch. 54, Code of 1873), in connection with the charter of the city of Lynchburg and an ordinance imposing a collateral inheritance tax, came under review by this court in *Peters* v. *City of Lynchburg*, 76 Va. 932, and *Schoolfield* v. *City of Lynchburg*, 78 Va. 366. Though the charter powers of the city in the matter of taxation were exceedingly broad, it conferred no express authority upon the common council to levy a collateral inheritance tax. In the first named case, the validity of the ordinance was upheld by a divided court. Two of the judges, Burks and Christian, were of opinion that the power to impose such tax was conferred by the general law. Judge Anderson maintained the view that the legislature, if it had the right, did not intend to confer power upon cities and towns to levy a collateral inheritance tax; and Judge Staples, while not doubting the authority of the legislature to tax collateral inheritances, and to delegate that power to municipal corporations, was, nevertheless, of opinion that the power had not been conferred upon the city of Lynchburg, either by general law or charter.

Two years later, the precise question again arose, in the case of *Schoolfield* v. *City of Lynchburg, supra,* when the court unanimously denied the power of the city to impose such tax, either by charter delegation or otherwise. The court in that case observes: "Upon an inspection of the charter  *  . *  *  , we find the subjects upon which the city of Lynchburg is author- ized to levy a tax enumerated at great length, until they seem to cover every conceivable subject which might find place in a tax list, and yet we find no authority for the levying of this tax. Under the authorities cited and a plain rule of construction, we cannot conclude otherwise than that, for reasons deemed wise, the legislature intended to withhold this power. And we are of opinion, that the decision of the learned judge who de- cided that this power was to be found in section 33 of ch. 54 is not sustained by the terms of that section. The words, 'upon any property in said town' cannot be held to confer the power, because, as we have seen, this is not a property tax,  *  *  *  . In the light of the authorities cited and upon reason, the con- cluding sentence cannot be construed to apply to other subjects than such as are assessed annually with State taxes. The pro- vision is general and was intended to apply to the general sub- jects of taxation, such as are provided for taxing generally, and ought not to be extended to include a special power to levy this special tax, unless the authority be expressly given by law."

We concur in the construction placed by the court both on the general statute and city charter.

The doctrine is well settled, that: "In construction of the grant of any power to tax, made by the State to one of its municipalities, the rule accepted by all the authorities is that it should be with strictness. The reasonable presumption is held to be that the State has granted in clear and unmistakable terms all that it has intended to grant, and whatever authority the municipal officers assume to exercise, they must be able to show a warrant for it in the words of the grant." Cooley on Taxation, 209, 468. *City of Lynchburg* v. *N. & W. Ry. Co.,* 80 Va. 237, 56 Am. Rep. 592; *Green* v. *Ward,* 82 Va. 324.

In *Eyre* v. *Jacob,* 14 Gratt. 422, 73 Am. Dec. 367, the court held, that a collateral inheritance tax was not in any proper sense a tax on property, but merely on the transitus of property—a privilege granted by the State of acquiring property by inheritance.   Judge Lee in that connection says: "The intention of the legislature was plainly to tax the transmission of property by devise or descent to collateral kindred; to require that a party thus taking the benefit of a civil right secured to him under the law should pay a certain premium for its enjoyment."   See also authorities cited in foot note to the principal case in Va. Rep. Anno.

It is apparent that section 1043 and the charter of the town of Wytheville apply only to the ordinary annually recurring tax on property and other subjects of taxation, and not to sporadic subjects which, though connected with the transmission and enjoyment of property, are casual in their nature and not recurrent.   It was to the former subjects of taxation that the court had reference in *Ould and Carrington* v. *City of Richmond,* 23 Gratt. 464, 14 Am. Rep. 139, and *City of Norfolk* v. *Landmark Co.,* 95 Va. 564, 28 S. E. 959, and cases of that type, and not to a *special exaction* imposed by the State upon the recipient of a collateral inheritance.   It would seem clear from the authorities that the power of a municipality to attach such burden to the devolution of property can only be conferred by express grant.

This view of the case renders it unnecessary to consider the remaining contention, namely, that the ordinance in question is retroactive and void, because it affects vested rights.

The decree appealed from is without error and must be affirmed.

*Affirmed.*