### Richmond

## COMMONWEALTH OF VIRGINIA v. SCHMELZ & OTHERS.

### January 16, 1913.

1. TAXATION—*Partnership Property—Situs.*—Under the provisions of the Code and tax bill of this State, partnership property not otherwise taxed is to be taxed in the county or city where the partnership business is, or was, conducted, and not where the partners reside, and where the partnership carries on separate and distinct businesses, both as to capital and conduct, in several counties or cities, the partnership property in each of said businesses is to be taxed in the county or city in which it is, or was, conducted.

2. TAXATION—*Erroneous Assessment—Application to Correct—Power of Court to List Property.*—A taxpayer who comes into court, under the provisions of the statute of this State, to be relieved from paying more taxes than he claims he ought to pay renders himself liable in that proceeding to pay all taxes with which he is chargeable in that jurisdiction upon a correct assessment of his property, and to this end the court may examine into and do all that the commissioner of the revenue is required to do under the provisions of sections 508 and 509 of the Code.

Error to a judgment of the Circuit Court of Elizabeth City county on a motion to correct an erroneous assessment of taxes. Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*Samuel W. Williams,* Attorney General; *S. Gordon Cummins, E. E. Montague,* and *Wm. C. L. Taliaferro,* for the plaintiffs in error.

*J. Winston Real* and *John Garland Pollard,* for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

This is a proceeding instituted by Henry L. Schmelz, surviving and continuing partner of Schmelz Brothers, bankers, under section 567 of the Code, to be relieved from an alleged erroneous assessment of taxes and levies upon personal property of the said partnership for the years 1891 to and including the year 1911.

Upon the hearing of the motion the Circuit Court of Elizabeth City county was of opinion that the assessment complained of was erroneous, in this, that the property assessed was not taxable in the county of Elizabeth City or in the city of Hampton, and entered an order exonerating the firm from the payment of all taxes and levies on said property in the said county and city. The auditor of public accounts not being satisfied with that decision, petitioned the court, in accordance with the provisions of section 573 of the Code, for a rehearing. Upon the rehearing, which was *de novo,* the court being of opinion that its order on the original hearing was correct, adhered to and confirmed it. To that order this writ of error was awarded upon the petition of the Commonwealth, the county of Elizabeth City and the city of Hampton.

The court certifies in its order that upon the rehearing the following facts were proved: "That from 1886 to 1903 H. L. Schmelz and George A. Schmelz conducted a private banking business in the town of Hampton, Va., under the firm name and style of 'Schmelz Brothers, Bankers, Hampton, Virginia;' and that on July 1, 1903, they discontinued the banking business in Hampton, but continued to own and hold property in Elizabeth City county. In 1891 the same partners opened a bank in the city of Newport News, Va., under the firm name and style of 'Schmelz Brothers, Bankers, Newport News, Virginia,' and the said business

in Newport News has continued until the present time; after the death of the said George A. Schmelz in January, 1911, the business of Schmelz Brothers, Bankers, Newport News, Virginia, was continued by the surviving partner; the two banks were entirely separate and distinct, both as to capital and the conduct of the business, their relations being those of separate and distinct banks. H. L. Schmelz has continuously resided in the town of Hampton, county of Elizabeth City. George A. Schmelz continuously resided in the town (or city) of Hampton from March, 1908, until the time of his death, and previous to March, 1908, in the county of Elizabeth City. The assessments and all taxes and levies based thereon, from which relief is sought in this proceeding, were made and extended against the property of the firm of 'Schmelz Brothers, Bankers, Newport News, Virginia,' and no assessment has ever been made against the property of the firm of 'Schmelz Brothers, Bankers, Hampton, Virginia,' other than the real estate of said firm."

Two questions are raised by this writ of error for the decision of this court. The first, in the language of the petition, is: "A. Granting that the only property assessed, from which relief was sought in the pending proceeding, was personal property not otherwise taxed, used solely in Newport News, was it not taxable in Elizabeth City county, where both partners resided?"

The question raised by this assignment of error is whether property invested in a partnership business and not otherwise taxed, is subject to taxation where the partners reside, or where the partnership business is conducted?

In many, if not in most of the States, the *situs* for the taxation of partnership property is fixed by statute; but where it is not so, the decisions do not seem to be in accord, though the weight of authority and the better reason seem to be in favor of the view that the *situs* of

such property for taxation is where the partnership business is carried on. See Cooley on Taxation (3rd ed.), pp. 659-60; Burrough on Taxation, sec. 98; Desty on Taxation, sec. 62; 37 Cyc. 958; 27 Am. & Eng. Enc. Law (2nd ed.) 655; and note to *Clay* v. *Douglas County,* 7 Am. & Eng. Ann. Cases, pp. 758-762.

By section 492 of the Code, which declares by whom property is to be listed and to whom taxed, it is provided that "If the property belong to a company or firm it shall be listed for taxation by and taxed to the company or firm."

Section 494 of the Code provides: "The commissioner or his duly qualified deputies shall, on personal application to each person, firm and corporation residing, doing business, or having an office in his district, obtain answers to interrogatories addressed to such person, firm, or corporation not otherwise taxed on its property in order to ascertain from them all personal estate, money, contracts, and credits which are owned by such person, firm or corporation and are subject to assessment for taxation under this chapter."

By section 143 of the tax bill, Pollard's Code, vol. 2, p. 2265, it is provided that "When any incorporated company, firm or person is engaged in more than one business, which is made by the provisions of this act subject to taxation, such incorporated company, firm or individual shall pay the tax provided by law on each branch of its or his business."

Under the provisions of the Code and tax bill, a partnership is, for the purpose of taxation, treated as an entity. The firm and not the individual members of the partnership are considered as the owners of the partnership property. Its property is to be taxed to the "firm"—that is, to the partnership, and not to the individual members of the firm. It seems to us that the proper construction to be

placed upon these provisions of our taxing statutes is that partnership property not otherwise taxed is to be taxed in the county or city where the partnership business is or was conducted, and where the partnership carries on separate and distinct businesses, both as to the capital and conduct in different counties or cities as the court found was done in this case, then the partnership property in each of said businesses is to be taxed in the county or city in which it is or was conducted.

The next assignment of error, as stated in the petition, is as follows:

"B. Granting that this property was not taxable because not used in Elizabeth City county, did not the applicant, by seeking redress under the statute for such cases made and provided, so submit the partnership to the jurisdiction of the Circuit Court of Elizabeth City county as that it became the duty of that court to hear and consider the evidence tendered at the rehearing showing the taxable capital of Schmelz Brothers, Bankers, used in Elizabeth City county; in other words, although even if the court were correct in exonerating the capital used in Newport News, was it not in error in refusing in this proceeding to tax property that was admittedly taxable in this county?"

This assignment of error, as we understand it, raises the question whether, under our statute, where a taxpayer makes a motion to correct an erroneous assessment because the property with which he is assessed is not taxable in the county or city where it is listed for taxation, and for that reason his motion must prevail and he must be exonerated from such erroneous assessment, may he not in that same proceeding be assessed with and held liable for taxes upon property with which he is taxable and has not been assessed for taxation in the county or city where the erroneous assessment was made? In other words, if

the plaintiff in the motion were entitled to have the assessment complained of corrected because the property assessed was not chargeable with taxes in the county of Elizabeth City or the city of Hampton, but in the city of Newport News, may he not, as a condition to that relief, be assessed with taxes upon property with which he is taxable and has not been assessed in the county of Elizabeth City or the city of Hampton, if it is shown that there is such property?

The answer to this question depends upon the terms of the statute under which the plaintiff sought relief. By section 567 it is provided that "Any person assessed with taxes on lands or other property, aggrieved by any such assessment, may, unless otherwise specifically provided by law, within two years from the first day of September of the year in which such assessment is made," apply to the proper court for relief.

Section 568, which provides what the court may do, contains the following provisions: "If the court be satisfied that the applicant is erroneously assessed with any taxes, and that the erroneous assessment was not caused by the failure or refusal of the applicant to furnish a list of his property, real and personal, to the commissioner, on oath, as the law requires;  *  *  *  in either case the court may order that the assessment be corrected. If the assessment exceeds the proper amount, the court may order that the applicant be exonerated from the payment of so much as is erroneously charged, if not already paid, and if paid, that it be refunded to him. If the assessment be less than the proper amount, the court shall order that the applicant pay the proper taxes. A copy of any order made under this section correcting an erroneous assessment shall be certified by the court to the Auditor of Public Accounts and the Treasurer of the State." See also, as to levies and local taxes, section 571 of the Code.

Under these provisions of the Code, if there has been an error in the assessment complained of to the prejudice of the taxpayer (not caused by his failure or refusal to furnish a list of his property to the commissioner of the revenue) he is entitled to be relieved to the extent of the erroneous assessment. If, on the other hand, the error in the assessment or in the failure to assess his property be to the prejudice of the State, the State is entitled to receive from him the taxes properly assessable against him. In other words, the taxpayer who comes into court under these sections to be relieved from paying more taxes than he claims he ought to pay renders himself liable in that proceeding to pay all taxes with which he is chargeable in that jurisdiction upon a correct assessment of his property. This is the practice in some of the courts of the State, and we think is the proper practice. It is the duty of the party who seeks relief under these statutes (and of all other persons) to pay taxes upon all of his property taxable in that jurisdiction. If he has been improperly assessed on some property and has not been assessed at all upon other property upon which he is assessable with taxes, there is no hardship—indeed, it is only just and equitable—in assessing him with and requiring him to pay all the taxes with which he is assessable in that jurisdiction as a condition to granting him the relief sought. There is no difficulty in a proceeding like this to be relieved from an erroneous assessment for the court to examine into and do all that the commissioner of the revenue is required to do under the provisions of sections 508 and 509 of the Code.

We are, therefore, of opinion that the court did not err in so far as it held that the plaintiff was not assessable with taxes in the county of Elizabeth City or in the city of Hampton upon the property of Schemlz Brothers, employed in their partnership business in the city of New-

port News; but that it did err in refusing to admit evidence tending to show that the said firm had property in the county of Elizabeth City and in the city of Hampton which was assessable with taxes in the said county or city, and which had not been assessed with taxes.

Its order must, therefore, be reversed and the cause remanded to the court for further proceedings to be had not in conflict with the views expressed in this opinion.

*Reversed.*