## 𝔕𝔦𝔠𝔥𝔪𝔬𝔫𝔡.

## Commonwealth and Others v. The Tredegar Company.

### March 21, 1918.

### Absent, Sims, J.

1. Taxation—*Erroneous Assessment—Injunction.*—Prior to February 24, 1916, the jurisdiction of courts of equity to restrain an illegal or unauthorized tax was well settled in this State. The jurisdiction having once attached, it will survive until destroyed by express statutory enactment; and the mere fact that an adequate remedy at law has been provided by statute does not defeat the jurisdiction.

2. Taxation—*Erroneous Assessment—Injunction—Acts 1916, page 89—Case at Bar.*—In the instant case the examiner of records for the judicial circuit embracing the city of Richmond reported to the local board of review for that city certain capital alleged to have been omitted from the tax returns of the complainant. At a hearing before the local board of review, the local board rejected the report of the examiner of records, and instructed the commissioner of revenue not to extend the tax upon his books. Thereupon, the Auditor of Public Accounts, with the approval of the State Tax Board, issued written instructions to the commissioner of revenue directing him to disregard the action of the local board and to make the assessment of the alleged omitted capital in accordance with the report of the examiner, which the commissioner did. The complainant then brought this suit in equity for the ultimate and principal purpose of enjoining and restraining the collection of the taxes assessed by the commissioner of revenue. The gist of the proceeding, plainly shown by the prayer of the bill, is to correct and cancel the assessment, to exonerate the complainant from the tax, and to perpetually enjoin its collection. Precisely this relief was available to the complainant by a simple motion at law, under sections 567, 568 and 569 of the Code of 1904.

*Held:* That the act of February 24, 1916, which provides, "that no suit for the purpose of restraining the collection or assessment of any tax, State or local, shall be maintained in any court of this Commonwealth, except when the party has no

adequate remedy at law," is conclusive of the instant case. Every possible defense against the assessment which is raised in the equity suit could have been equally availed of in the motion under the statute.

3. TAXATION—*Erroneous Assessment—Remedy—Case at Bar*.—It was contended in the instant case that the only course open to the Commonwealth, after the local board of review had rejected the report of the examiner of records, was an appeal to the Hustings Court of the city of Richmond, and that the subsequent action of the Auditor and the commissioner was null and void. This is a debatable proposition, but even conceding that the contention is sound in so far as the validity of the assessment in question may depend upon the action of the examiner and of the board of review, if the assessment is right in substance, it can be upheld as an independent assessment made by the commissioner under the instructions of the Auditor, without any action on the part of the examiner of records or the board of review.

4. TAXATION—*Assessment—Remedy*.—Under section 508 of the Code of 1904, it is the duty of the commissioner of the revenue to assess for taxation any property which he finds has not been assessed for taxation for any of the previous years within the limits prescribed by that section. If he makes an erroneous or an illegal and invalid assessment, the remedy under section 567 of the Code is adequate, and the previously existing remedy by injunction is cut off by the act of February 24, 1916. The remedy by motion under the statute is prompt and simple, and is peculiarly adapted to a fair and just settlement of disputes of this character between the Commonwealth and its citizens.

Appeal from a decree of the Circuit Court of city of Richmond.

Decree for complainant. Defendants appeal.

*Reversed.*

The opinion states the case.

*Attorney-General J. D. Hank, Jr., Assistant Attorney-General Leon M. Bazile* and *H. R. Pollard,* for the appellants.

*W. R. Meredith,* for the appellee.

KELLY, J., delivered the opinion of the court.

The examiner of records for the judicial circuit embracing the city of Richmond reported to the local board of review for that city certain capital alleged to have been omitted from the tax returns of the Tredegar Company for the years 1903 to 1911 inclusive. At a hearing before the local board of review, the Commonwealth insisted upon, and the Tredegar Company denied, the correctness of the report of the examiner, with the result that the board rejected the report *in toto,* and instructed the commissioner of the revenue not to extend the tax upon his books. Thereupon, the Auditor of Public Accounts, with the approval of the State Tax Board, issued written instructions to the commissioner of the revenue directing him to disregard the action of the local board and to make the assessment of the alleged omitted capital in accordance with the report of the examiner. The commissioner subsequently made the assessment and extension as directed by the Auditor.

This suit in equity was brought by the Tredegar Company for the ultimate and principal purpose of enjoining and restraining the collection of the taxes assessed as above pointed out by the commissioner of the revenue. The circuit court, hearing the cause upon the bill and exhibits and a demurrer thereto, and being of opinion that the assessment was unauthorized and void, directed the commissioner to strike the same from his books, and decreed that "the defendants (the Commonwealth of Virginia, the city of Richmond and their tax officers) are restrained and enjoined from collecting or attempting to collect said omitted taxes until said defendants shall take an appeal (from the action of the local board of review) to the Hustings Court of the city of Richmond, and it shall be finally determined by the

court of last resort that such extensions of said taxes are authorized by law, valid and should be collected."

From this decree the present appeal was allowed, and the first question to be decided is, whether a court of equity has jurisdiction of the cause.

Prior to February 24, 1916, the jurisdiction of courts of equity to restrain an illegal or unauthorized tax was well settled by the decisions in this State. *Wytheville* v. *Johnson,* 108 Va. 589, 590, 62 S. E. 328, 18 L. R. A. (N. S.) 960, 128 Am. St. Rep. 981, and cases cited there. The jurisdiction having once attached, it will survive until destroyed by express statutory enactment (*Redd* v. *Supervisors,* 31 Gratt. [72 Va.] 695, 697) ; and the mere fact that an adequate remedy at law has been provided by statute does not defeat the jurisdiction. *Herring* v. *Wilton,* 106 Va. 171, 175, 55 S. E. 546, 7 L. R. A. (N. S.) 349, 117 Am. St. Rep. 997; *Wytheville* v. *Johnson, supra.*

In manifest recognition of these principles, the General Assembly passed an act, approved February 24, 1916, (Acts 1916, p. 89), which provides, "that no suit for the purpose of restraining the collection or assessment of any tax, State or local, shall be maintained in any court of this Commonwealth, except when the party has no adequate remedy at law." This statute, in our opinion, is conclusive of the instant case. The gist of the proceeding, plainly shown by the prayer of the bill, is to correct and cancel the assessment, to exonerate the complainant from the tax, and to perpetually enjoin its collection. Precisely this relief was available to the complainant by a simple motion at law, under sections 567, 568 and 569 of the Code. If the act of February 24, 1916, is to be given any effect at all, it must be held to apply to this suit. The test of the statute in every case is to be found in the adequacy of the remedy at law. In this instance, every possible defense against the assessment which is raised in the equity suit could have been equally

availed of in the motion under the statute. Quoting the language of Judge Keith in *Johnson* v. *Hampton Institute*, 105 Va. 319, 326, 54 S. E. 31, 33: "we think the remedy afforded by this statute (Code, sec. 567), which provides for bringing both the citizen and the Commonwealth before the court, is ample and complete to meet all the exigencies of the case presented in the pleadings."

It is earnestly contended that the only course open to the Commonwealth, after the local board of review had rejected the report of the examiner of records, was an appeal to the Hustings Court of the city of Richmond, and that the subsequent action of the Auditor and the commissioner was null and void. This is a debatable proposition, but if we concede that the contention is sound in so far as the validity of the assessment in question may depend upon the action of the examiner and of the board of review, we have no difficulty in holding that if the assessment is right in substance, it could be upheld as an independent assessment made by the commissioner under the instruction of the Auditor, without any action on the part of the examiner of records or the board of review. In other words, we think that under section 508 of the Code, it is the duty of the commissioner of the revenue to assess for taxation any property which he finds has not been assessed for taxation for any of the previous years within the limits prescribed by that section. If he makes an erroneous or an illegal and invalid assessment, the remedy under section 567 of the Code is adequate, and the previously existing remedy by injunction is cut off by the act of February 24, 1916. This, we think, is as it should be. The remedy by motion under the statute is prompt and simple, and, as construed by this court, is peculiarly adapted to a fair and just settlement of disputes of this character between the Commonwealth and its citizens. In *Commonwealth* v. *Schmelz*, 114 Va. 364, 370, 76 S. E. 905, 907, Judge Buchanan said: "Under these provisions of the Code,

if there has been an error in the assessment complained of
to the prejudice of the taxpayer (not caused by his failure
or refusal to furnish a list of his property to the commis-
sioner of the revenue) he is entitled to be relieved to the
extent of the erroneous assessment. If, on the other hand,
the error in the assessment or in the failure to assess his
property be to the prejudice of the State, the State is en-
titled to receive from him the taxes properly assessable
against him. In other words, the taxpayer who comes into
court under these sections to be relieved from paying more
taxes than he claims he ought to pay renders himself liable
in that proceeding to pay all taxes with which he is charge-
able in that jurisdiction upon a correct assessment of his
property. This is the practice in some of the courts of the
State, and we think is the proper practice. It is the duty of
the party who seeks relief under these statutes (and of all
other persons) to pay taxes upon all of his property taxable
in the jurisdiction. If he has been improperly assessed on
some property and has not been assessed at all upon other
property upon which he is assessable with taxes, there is no
hardship—indeed, it is only just and equitable—in assess-
ing him with and requiring him to pay all the taxes with
which he is assessable in that jurisdiction as a condition to
granting him the relief sought. There is no difficulty, in
a proceeding like this, to be relieved from an erroneous
assessment, for the court to examine into and do all that
the commissioner of the revenue is required to do under the
provisions of sections 508 and 509 of the Code."

In view of the convenience, elasticity and fairness of pro-
ceedings under these statutes, it was doubtless the control-
ling purpose of the legislature in the enactment of the act
of February 24, 1916, to compel a resort thereto whenever
the remedy thereunder was adequate. At any rate, the
case before us is clearly within the terms of the act and we
are of opinion that the circuit court ought to have sustained
the demurrer and dismissed the bill.

The remedy by motion under section 567 of the Code is still open to the appellee, and nothing herein is to be construed as indicating any opinion concerning its right to relief against the assessment.

For the reasons stated, the decree complained of will be reversed, and an order will be entered here sustaining the demurrer and dismissing the bill.

*Reversed.*