### Richmond.

### HETH V. COMMONWEALTH.

#### January 22, 1920.

1. SUCCESSION TAXES—*Acts 1916, p. 812—Constitutionality.*—Acts 1916, p. 812, amending section 44 of the tax bill, is not unconstitutional as violating the due process of law clauses of the State and Federal Constitutions. See *Commonwealth* v. *Carter, ante,* p. 469, 102, S. E. 58.

2. SUCCESSION TAXES—*Acts 1916, p. 812—Acts 1918, p. 416—By which Act Governed.*—Where at the time of decedent's death the act of 1916, p. 812, was in force, it fixed the amount of inheritance tax, although the tax was not reported or assessed until after section 44 of the tax bill had been again amended by Acts 1918, p. 416. But while the legislature could not change the rights of decedent's heir, which were fixed by Acts 1916, p. 812, it had the authority, which it exercised in 1918 and before assessment was made, to change his legal remedy for relief against any overvaluation of the property or for any other invasion of his rights relating thereto.

3. SUCCESSION TAXES—*Procedure—Amount of Tax—By What Statute Governed.*—The method of procedure in a proceeding for the ascertainment and determining of a transfer or inheritance tax is controlled by the statute which was in force on the subject at the time of the institution of the proceeding, although the tax itself and the rights of the parties are controlled by an earlier statute.

4. SUCCESSION TAXES—*Acts 1918, ch. 238.*—Where an heir instituted proceedings for the correction of an assessment of an omitted inheritance tax under section 44 of the Tax Bill, as amended by Acts 1916, p. 812, and Acts 1918, p. 432, thereby taking advantage of the remedy which was so clearly provided by the 1918 statute, and having had the benefit of the fair hearing which it affords, he will not be heard to claim that he had no adequate remedy. "A man shall not be allowed to approbate and reprobate."

5. TAXATION—*Erroneous Assessment—Regularity of Original Assessment—Action of Court.*—When one seeks relief under the

Virginia statutes from a tax alleged to be erroneous, the regularity of the original assessment is of little consequence if it appears that the statute under which the tax is imposed is valid. If no tax is justly due, the court should correct the injustice and relieve the complaining citizen therefrom. If, however, the whole or any part thereof is justly due, the court should correct any improper assessment, determine the true amount of such tax, and enter judgment therefor.

Error to a judgment of the Circuit Court of Montgomery county, on a petition to correct an erroneous inheritance tax assessment. Judgment for the Commonwealth. Petitioner assigns error.

*Affirmed.*

The opinion states the case.

*H. C. Tyler,* for the plaintiff in error.

*Jno. R. Saunders, Attorney-General, J. D. Hank, Jr., Assistant Attorney-General,* and *Leon M. Bazile,* for the Commonwealth.

PRENTIS, J., delivered the opinion of the court.

The petitioner complains of the assessment of an omitted inheritance tax imposed under section 44 of the tax bill, as amended in 1916 (Acts 1916, p. 812). He is the sole heir at law of his deceased son, Stockton Heth, Jr., who died intestate March 17, 1917.

[1] The validity of the act is attacked upon the same grounds as those referred to in the case of *Commonwealth* v. *Carter, ante,* p. 469, 102 S. E. 58, this day decided. We have there announced our conclusion that the statute is valid and does not deny due process of law; and it is not deemed either necessary or appropriate to repeat here the reasons therefor.

[2-4]   There is an additional reason in this case which did not exist in that, which sustains the judgment of the trial court.   Although at the time of the decedent's death the act of 1916 was in force and therefore fixed the amount of the tax, it was not reported or assessed until after section 44 of the tax bill had been again amended at the 1918 session.   (Acts 1918, p. 416).   That act made changes in the rates and exemptions, as well as in the method of assessment; and in subsection eleven provided that if the amount of the tax was determined by a court, the person charged should have the right of appeal to the Supreme Court of Appeals as in other cases; in subsection twelve, that any person aggrieved by the order of any clerk of court in determining such tax, might within one year after the day on which the order was entered apply for relief to the court of which such clerk is an officer; and subsection thirteen provided that the court should have full power to exonerate the applicant from the payment of such tax as was erroneously charged, if not already paid, and if paid that the amount should be refunded. The procedure is somewhat similar to that afforded by the general statutes affording relief from erroneous assessments of property by commissioners of the revenue.   Code 1919, secs. 2385, *et seq.*  Then at the same session of the legislature (Acts 1918, p. 432), the Code was amended as to omitted taxes. The first subsection of the amendment, so far as pertinent to this case, reads thus:

"If the commissioner of the revenue, examiner of records or other assessing officer, commission or board designated by law to assess persons, property (real, personal and mixed), taxes, levies, et cetera, ascertain that any person, or any real or personal property, or income, or salary, or license tax, or inheritance tax has not been assessed, for any year of the three years next preceding that in which such ascertainment is made, by the State,

county, district, city or town, or that the same has been assessed at less than the law required for any one or more of such years, or that the taxes, levies, et cetera, thereon, for any cause, have not been realized, it shall be the duty of the commissioner of the revenue, examiner of records, or other assessing officer, to list the same and assess persons, property (real, personal and mixed), and levies at the rate prescribed for that year, adding thereto interest at the rate of six per centum per annum from the time such taxes should have been paid, and any treasurer collecting such taxes and levies shall also collect the penalty thereon prescribed by section six hundred and three of the Code.

By authority of that statute the examiner of records reported against the petitioner the inheritance tax here involved, it having been up to that time omitted, and the clerk of the court thereupon, on the 24th day of October, 1918, assessed such omitted tax; whereupon, the petitioner, strictly following subsection twelve of section 44 of the tax bill, as amended in 1918, made application to the trial court for relief from such assessment, alleging the invalidity of the 1916 statute and claiming that the valuation placed upon the real estate by the clerk is excessive and should be reduced.

When the case was heard the Commonwealth introduced evidence tending to show that the valuation of the property by the clerk is fair and just, while the applicant introduced no testimony whatever with reference thereto, and the court gave judgment for the amount of the tax which had been assessed.

The facts of the case in judgment bear some resemblance to those shown in *Bell* v. *City of Lexington,* 27 Ky. L. Rep. 591, 85 S. W. 1081, and *Security Trust & Safety Vault Co.* v. *City of Lexington,* 203 U. S. 323, 51 L. Ed. 204, 27 Sup. Ct. 87, and it is there held that the failure of the Kentucky statute to require notice to be

given of a special assessment for back taxes on omitted property made after the time provided by law for making the regular assessments, does not deprive a taxpayer of his property without due process of law, where the State court has afforded him full opportunity to be heard on the question of the validity and the amount of the tax. *Gallup* v. *Schmidt*, 183 U. S. 300, 22 Sup. Ct. 162, 46 L. Ed. 212, sustains the same proposition.

The generally accepted rule applicable to this case is well illustrated by two New York cases. In the *Matter of Davis*, 149 N. Y. 539, 44 N. E. 185, it is held that the method of procedure in a proceeding for the ascertainment and determining of a transfer or inheritance tax is controlled by the statute which was in force on the subject at the time of the institution of the proceeding, although the tax itself and the rights of the parties are controlled by an earlier statute. And the same conclusion is re-stated in the *Matter of Sloane*, 154 N. Y. 113, 47 N. E. 978. A similar situation existed there as existed in Virginia after the adoption of the 1918 amendment as is shown by the circumstances of this case, namely, an inheritance tax was assessed by authority of an earlier statute, but in the meantime the remedy of the taxpayer for redress against such an erroneous assessment had been changed by a later statute. While the legislature could not change the rights of this petitioner, which were fixed by the law in force at the time when he inherited the property (*Commonwealth* v. *Wellford*, 114 Va. 372, 76 S. E. 917), it nevertheless had the authority, which it exercised in 1918 and before this assessment was made, to change his legal remedy for relief against any overvaluation of the property or for any other invasion of his rights relating thereto. This seems to have been the view of counsel when this proceeding was instituted, for he instituted it, thereby taking advantage of the remedy which

63

was so clearly provided by the 1918 statute, and having had the benefit of the fair hearing which it affords, he will not now be heard to claim that he had no adequate remedy. To use the sententious and comprehensive expression of the Scotch law, "A man shall not be allowed to approbate and reprobate."

[5]    As to the suggestion that the original assessment was irregular, it is only necessary to say when one seeks relief under the Virginia statutes from a tax alleged to be erroneous, the regularity of the original assessment is of little consequence if it appears that the statute under which the tax is imposed is valid. If no tax is justly due, the court should correct the injustice and relieve the complaining citizen therefrom. If, however, the whole or any part thereof is justly due, the court should correct any improper assessment, determine the true amount of such tax, and enter judgment therefor. *Commonwealth* v. *Schmelz*, 114 Va. 364, 76 S. E. 905; *Rixey's Ex'rs* v. *Commonwealth*, 125 Va. 337, 101 S. E. 404.

The judgment is without error.

*Affirmed.*

SIMS, J., dissenting:

If the commissioner of the revenue (under sec. 508 of the Code as amended by Acts 1918, p. 432) had assessed the omitted tax involved in this case; or had the clerk who assessed the tax given the notice required by section 8 of the act of 1918 (Acts 1918, p. 420), I am disposed to think it could have been held that section 508, as amended as aforesaid, when construed along with the other statute law of the State on the subject, provided for, and that the taxpayer was in fact and in accordance with the statute law of the State afforded, due process of law. But as I understand the record the examiner of records first

acted in the matter but his action consisted merely of a report of the tax to the clerk (for which action there is no authority of law known to me), and the clerk thereupon did not proceed under the 1918 inheritance statute at all, but assessed the tax by entering his order without previous notice to the taxpayer. Such assessment was not required by statute to be (and was not in fact) entered on the current annual personal property tax book, which under the decisions would have furnished the *notice* to the taxpayer required by the constitutional provision as to due process of law, and would also (in view of the existence of sections 567-8-9 of the Code, providing for relief of the taxpayer by motion in court) have afforded the opportunity for a hearing which is required by the constitutional provision aforesaid. And, I do not think that the right of appeal mentioned in section 12 of the 1918 inheritance tax statute is meant thereby to be given in a case where the assessment was not made by the clerk in accordance with such statute. I think, therefore, that the circumstance that the taxpayer (the plaintiff in error), in the case in judgment, instituted his proceedings for appeal under such statute and did in fact take his appeal under such statute, is immaterial, since he was not given by such statute or any other statute, such right of appeal. The statute law of the State must have given such right of appeal in order that it may be considered as affording the due process of law touching a hearing which is required by the federal constitutional requirement on the subject.

Hence, for the reasons stated in my dissenting opinion in the case of *Withers, et al.* v. *Jones' Executrix, post,* p. 500, 102 S. E. 68, this day decided, I am constrained to dissent from the majority opinion.