Ophus A. HUTCHERSON, Jr., W.H. Houseman, A.W. Lynch, Bruce Higgins, O.K. Tench, Kenneth D. Campbell, Allen Perdue, James Bouseman, Jackson Jewell, J. Carl Poindexter, who sue on behalf of themselves and all others similarly situated, Appellants,

and

A. Dale Brown, Richard O. Angle, Harold E. Palmer, Paul Smith, Joseph Fordham, Roger Flowers, Dick Robertson, Plaintiffs,

v.

BOARD OF SUPERVISORS OF FRANKLIN COUNTY, VIRGINIA; Town of Rocky Mount, Virginia, Appellees.

No. 82–2109.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 7, 1983.

Decided Aug. 23, 1984.

Rehearing and Rehearing En Banc Denied Oct. 1, 1984.

Easter P. Moses, Roanoke, Va. (Alex N. Apostolou, Frank N. Perkinson, Jr., Dale Myers, Jane Morriss Garland, Lawrence C. Musgrove, Daniel L. Crandall, Harry F. Bosen, Jr., Salem, Va., George B. Dillard, Roanoke, Va., W.B. Gochenour, J. Carl

Poindexter, Salem, Va., on brief), for appellants.

G. Carter Greer, Rocky Mount, Va. (T. Keister Greer, W.N. Alexander, II, Greer & Alexander, Rocky Mount, Va., on brief) and William R. Rakes, Roanoke, Va. (Richard S. Phillips, Gentry, Locke, Rakes & Moore, Roanoke, Va., Bruce F. Welch, Davis, Davis, Davis & Welch, Rocky Mount, Va., on brief) for Appellees.

Before WIDENER and HALL, Circuit Judges, and HOFFMAN, Senior District Judge.*

WIDENER, Circuit Judge:

In July 1980, the Board of Supervisors of Franklin County, Virginia levied a utility tax upon its citizens pursuant to Va.Code § 58–617.2.[1] Plaintiffs, in May of 1982, filed this action in the United States District Court for the Western District of Virginia challenging the validity of that tax. The district court dismissed the action and awarded attorneys' fees to the defendants, Board of Supervisors of Franklin County, Virginia (County) and Town of Rocky Mount (Town). Plaintiffs appeal, and we affirm.

The Town of Rocky Mount, Virginia is located within Franklin County, Virginia. Under Virginia law, towns such as Rocky Mount may levy taxes within their jurisdiction for purposes of funding the town's government, in addition to those taxes levied by the county. See, for example, Va. Code §§ 58–844, 845. The Town of Rocky Mount has for several years levied a utility tax upon its residents for the purposes of the Town. Franklin County recently levied its own utility tax pursuant to Va.Code § 58–617.2. Consistent with the terms of the statute, Franklin County could not collect its utility tax from its residents who reside in the Town of Rocky Mount since the Town already imposed a utility tax.

Plaintiffs challenged the constitutionality of § 58–617.2 because County residents were required to pay the County utility tax while Town residents were not. They submit that the County utility tax was used to help support the County school system, and that, since both County and Town residents use the County's school system (the town does not have a separate school system), the Town residents should be required to pay the County utility tax.[2]

Plaintiffs sought a declaratory judgment from the district court that the County utility tax enacted under § 58–617.2 discriminated against County residents in violation of the Constitution because the Town residents were not taxed by the County. They also sought a mandatory injunction requiring that Town residents be required to pay the County utility tax. Finally, they sought damages equal to the difference between the amount of utility taxes actually paid and the lower amount that would have been paid had Town residents been required to pay the County tax in addition to their own.[3]

The Town and the County moved to dismiss the complaint on the grounds that such action was barred by the Tax Anti-Injunction Act, 28 U.S.C. § 1341, and that in any event a cause of action was not stated. The district court dismissed the case without opinion.

---

* United States District Court for the Eastern District of Virginia, sitting by designation.

1. Va.Code § 58–617.2 then provided in pertinent part (1982 and 1984 amendments do not affect this case):

   Any city or town or county may impose a tax on the consumers of the utility service or services provided by any corporation coming within the provisions of this article, ...

   Any county, city or town may impose a tax on the consumers of services provided within its jurisdiction by any electric light and power, water or gas company owned by another municipality; ... Any county tax imposed hereunder shall not apply within the limits of any incorporated town located within such county which town now or hereafter imposes a town tax on consumers of utility service or services....

2. While there is some discussion that the County enacted the utility tax to provide revenue for a short fall in the school system's budget, the parties acknowledge that the tax is not earmarked by statute. Thus it may be used for general County purposes.

3. We think the suggestion that the federal Constitution requires the Town to earmark its utility tax for school purposes, when this is not required by state law, is simply frivolous. The same may be said of the request for imposition of the County tax within the Town, contrary to the positive provisions of state law.

■ The Tax Anti-Injunction Act, 28 U.S.C. § 1341, provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."

The Supreme Court has consistently construed § 1341 to drastically limit federal court intervention into state tax matters. *Rosewell v. LaSalle National Bank,* 450 U.S. 503, 522, 101 S.Ct. 1221, 1233, 67 L.Ed.2d 464 (1981). We have given that statute a similar construction. *Strescon Ind. v. Cohen,* 664 F.2d 929 (4th Cir.1981). The statute in terms forbids injunctions and the Court has specifically held that § 1341 bars federal suits seeking declaratory relief so long as a plain, speedy and efficient state remedy exists. *California v. Grace Brethren Church,* 457 U.S. 393, 408, 102 S.Ct. 2498, 2507, 73 L.Ed.2d 93 (1982). The principles of comity bar federal courts from considering suits for damages under 42 U.S.C. § 1983 challenging a state tax, providing adequate state remedies exist. *Fair Assessment in Real Estate Assoc. v. McNary,* 454 U.S. 100, 102 S.Ct. 177, 70 L.Ed.2d 271 (1981).

■ Clearly, plaintiffs are barred from seeking federal court review if Virginia provides them a plain, speedy and efficient state court remedy. The state remedy must meet certain minimal procedural criteria. *Rosewell,* supra, 450 U.S. at 512, 101 S.Ct. at 1228. It is a plain, speedy and efficient remedy if it "provides the taxpayer with a 'full hearing and judicial determination' at which ... the taxpayer may raise any and all constitutional objections to the tax." *Id.,* 450 U.S., at 514, 515 n. 19, 101 S.Ct. at 1229, 1230 n. 19, quoting *LaSalle National Bank v. County of Cook,* 57 Ill.2d 318, 324, 312 N.E.2d 252, 255–6 (1974). In *Rosewell* the Court approved a state court remedy that required a taxpayer to pay the tax under protest and then seek a refund, although if the taxpayer ultimately prevailed the tax was refunded but no interest was paid.

■ A review of the remedies provided under Virginia law convinces us that plaintiffs have a plain, speedy and efficient remedy. In a departure from the general rule, it has been well settled in Virginia for years that the collection of an illegal tax may be enjoined at the instance of an individual taxpayer by a court of equity unless there is an adequate remedy at law. *See Commonwealth v. Tredegar Co.,* 122 Va. 506, 95 S.E. 279 (1918); *City of Staunton v. Mary Baldwin Seminary,* 99 Va. 653, 39 S.E. 596 (1901). The remedy at law is made available under Virginia Code § 58–1145 and similar statutes. See Chapter 21, Article 2 of Title 58 of the 1950 Virginia Code. The relief, of course, granted by a court of equity is complete relief, and the relief granted under the Code is not confined to correction of erroneous assessments, *Todd v. County of Elizabeth City,* 191 Va. 52, 60 S.E.2d 23 (1950), but also includes those claimed to be unconstitutional, illegal and void. *Chesapeake and Potomac Tel. Co. v. City of Newport News,* 194 Va. 409, 73 S.E.2d 394 (1952). The statutes are to be liberally construed in order to further the remedy provided, and their object is to furnish an "expeditious and inexpensive remedy against taxes which have been assessed or collected." 73 S.E.2d at p. 397. While the Virginia Court's broad reading of the statutes on the correction of illegal or erroneous assessment or collection of taxes leads us to believe there is some chance that suit under Va.Code § 58–1145 might be entertained, although the problem complained of here is not precisely mentioned in § 1145, should it not be, it is certain that a bill in equity in the Virginia courts would lie to correct the complaint of the plaintiffs. And even if a bill in equity were erroneously brought, stating plaintiffs' complaint, and an adequate remedy at law were found to exist, see Va.Code § 58–1158, then the case would not be dismissed but would be transferred to the law side of the docket. *Chesapeake and Potomac Tel. Co.,* at 73 S.E.2d 399.

■ We are thus of opinion that Virginia offers plaintiffs in her courts the opportu-

nity for a plain, speedy and efficient remedy within the meaning of 28 U.S.C. § 1341.

■ Plaintiffs next challenge the award of attorneys' fees to the Town and the County as prevailing parties under 42 U.S.C. § 1988. Such fees are allowable in the court's discretion when a suit is unreasonable, frivolous, or meritless within the meaning of *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978).

■ When plaintiffs initiated this action, the law was settled both by statute and decision that a federal court could not entertain such a suit for injunctive relief unless no plain, speedy and efficient state court remedy existed. *McNary* precluded a suit for damages. Any doubt that an action for discretionary declaratory relief could be maintained after *Great Lakes Dredge & Dock Co. v. Huffman*, 319 U.S. 293, 63 S.Ct. 1070, 87 L.Ed. 1407 (1943), was dispelled one month after the complaint was filed in this case by the Supreme Court in *Grace Brethren Church* which decided that declaratory relief was simply not available because of 28 U.S.C. § 1341. Following that decision, however, the plaintiffs amended their complaint to ask for more, rather than less, declaratory relief. And so the case was when it came on for hearing.

In light of the settled principles of law existing before the filing of this action and handed down during the action, all before the hearing in the district court, we conclude that plaintiffs' suit is meritless within the meaning of *Christiansburg Garment Co.*, in that it is unreasonable or groundless and that the plaintiffs continued to litigate after it clearly became so. *Christiansburg Garment Co.*, 434 U.S., at 422, 98 S.Ct. at 700.

The district court, having found that plaintiffs' action was frivolous as a matter of fact and law, was ever so careful in its assessment of attorneys' fees. It required

affidavits showing literal item by item compliance with the twelve criteria established in this circuit in *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226, note 28 (4th Cir.1978).

We are thus of opinion the district court did not abuse its discretion either in the award of attorneys' fees or in the amount thereof.

The judgment of the district court is accordingly

AFFIRMED.[4]

---

**4.** The Seventh Circuit has affirmed the award of attorneys' fees in a similar case. *Werch v. City*

*of Berlin,* 673 F.2d 192 (7th Cir.1982).